No. 16,652.

## THE BANK OF WESTFIELD v. INMAN ET AL.

APPEAL.—*Notice to Appellee.—Failure to Give.—Mistake of Clerk.—Motion to Dismiss.—Power of Court to Relieve Against Accidents and Mistakes.*—Where an appellant has done all in his power to perfect an appeal, and without any fault on his part, but, by the mistake and inadvertence of the clerk, notice of the appeal was not given to one of the appellees, within the

time required by law; upon a motion to dismiss the appeal, the appellant was granted leave to perfect the appeal, this court having the power to relieve against accidents and excusable mistakes in course of appeal.

From the Hamilton Circuit Court.

*R. K. Kane* and *T. P. Davis*, for appellant.

*W. R. Fertig* and *H. J. Alexander*, for appellees.

MILLER, C. J.—This case is before us on a motion made by the appellees to dismiss the appeal, on account of the failure of the appellant to have a notice of the appeal served upon one whose name, as an appellee, appears in the assignment of errors, and who was a necessary party to the appeal.

The record shows that the judgment was rendered on the 5th day of December, 1891, and the transcript, with the assignment of errors, was filed in this court on the 16th day of July, 1892, on which day a notice for two of the three appellees was issued and served on the 18th day of the month. An entry showing that notice had been served was made by the clerk upon the transcript.

No notice was issued or served upon the other appellee prior to the filing of this motion; nor was an appearance entered for him.

On the 7th day of December, 1892, more than a year after the rendition of the judgment appealed from, this motion to dismiss was filed; and on the next day the clerk issued a notice to the other appellee.

The statute limits the time within which appeals must be taken to this court to within one year from the time the judgment is rendered. Section 633, R. S. 1881. An appeal must be fully perfected within that time; it will not be sufficient to take some steps in that direction. Elliott's App. Procedure, section 128; *Holloran* v. *Midland R. W. Co.*, 28 N. E. Rep. 549; *Lawrence* v. *Wood*, 122 Ind. 452; *Arbuckle* v. *Swim*, 123 Ind. 208; *Hawkins* v. *McDougal*, 126 Ind. 544.

If this appeal stood alone upon the transcript and its en-

dorsements, we would be compelled to sustain the motion to dismiss.

It appears, from a showing made by the appellant, that the transcript was, with the assignment of errors, filed in the clerk's office, and instructions given to the deputy clerk, in charge of the office, to issue a notice for the appellees, and that the failure to include the names of all the appellees was owing to the mistake and inadvertence of the deputy clerk. That the appellants' attorneys had no notice or knowledge of the failure to give notice to all the appellees, until the filing of the motion to dismiss, being misled by the endorsement made by the clerk on the transcript, showing that notice had been given.

We have held that this court possesses the inherent power to relieve against accidents and excusable mistakes in proper cases. *Hutts* v. *Martin*, 131 Ind. 1; *Smythe* v. *Boswell*, 117 Ind. 365. In the former case the appellant, upon a showing that the failure to serve notice of appeal upon the other co-parties was due to an accident or mistake of fact, was permitted to give notice after the expiration of the year. This seems to be in harmony with the liberal spirit of our code, allowing the court to relieve a party from a judgment taken against him through his mistake, inadvertence or excusable neglect (Section 396, R, S. 1881); and commanding the courts to disregard errors or defects in the pleadings or proceedings, which do not affect the substantial rights of the adverse party. Section 398.

Leave to appeal, or to perfect an appeal, after the expiration of the time fixed by the statute for the taking of appeals are exceptional, and will only be allowed upon a clear and strong showing. Elliott's App. Procedure, sections 113, 116.

In our opinion the showing made in this case is sufficient to entitle the appellant to relief. To cut off the right to a

hearing where the appellant has in good faith, and without neglect on his part, done all that the law requires to perfect an appeal, because of the mistake or inadvertence of a ministerial officer, would be a denial of justice.

Ordinarily the relief granted would be leave to perfect the appeal after the expiration of the time, but inasmuch as notice has now been issued and served upon all the appellees, it would be useless to require a new notice.

It is therefore ordered that the motion to dismiss be overruled, and that the costs of the motion be taxed against the appellant, and that the appellees be given time to plead as upon a submission of the appeal at this time.

Filed December 22, 1892.