## Kyger v. Stallings.

### [No. 8,102. Filed December 16, 1913.]

1. APPEAL.—*Defective Term Time Appeal.—Waiver of Defect.—Joinder in Error.*—Where, in attempting to perfect a term time appeal, appellant omits to name and procure the approval of the sureties on the appeal bond at the term of court at which judgment was rendered, such omission is ground for dismissal of the appeal; but, where appellee joins in error, such joinder operates as a waiver of the right to a dismissal.  p. 198.

2. APPEAL. — *Review. — Harmless Error. — Leave to Amend Complaint.—Variance.*—In an action on a note alleged to have been executed to J. S., where defendant at the time the note was offered in evidence objected on the ground of variance, claiming that the note was executed to Joseph S., and plaintiff, assuming that the objection was well taken, procured leave to amend the complaint, but before making the amendment learned that the note was in fact payable to J. S. and, without amending the complaint, reoffered and read the note in evidence, there was no variance between the pleading and proof, and there was no error either in the granting of leave to amend or in plaintiff's failure to amend after leave granted.  p. 199.

3. BILLS AND NOTES.—*Non Est Factum.—Evidence.—Sufficiency.*—In an action on a note, where defendant, who pleaded *non est factum*, admitted the execution of a note to plaintiff, but claimed that the note introduced at the trial was not the note she executed, and plaintiff testified without qualification that it was, and the evidence showed that the note defendant admitted signing was drawn by a banker, who testified that the note in evidence was prepared by him and signed by defendant, and defendant also identified the signature as her own, the execution of the note sued on was sufficiently established.  p. 200.

4. BILLS AND NOTES.—*Validity.—Adultery.—Evidence.*—Although a note given in consideration of future illicit intercourse is void, where the evidence in an action on a note showed that plaintiff and defendant had lived together for a long time as common law

husband and wife, each believing that the wife was legally divorced from her former husband until about the time the note was executed, and showed that the note was executed at a time when they were about to separate, in settlement of financial matters between them, it cannot be urged, in the absence of evidence that it was in consideration of future illicit intercourse, that the note was void as being a contract between persons living in adultery.   p. 200.

5.   BILLS AND NOTES.—*Defenses.*—*Gifts.*—In an action against plaintiff's former common law wife on a note executed by her in settlement of their affairs at the time of separation, defendant could not assert that the note was executed in consideration of interests which plaintiff had in her property by virtue of gifts from her and that she had an equitable claim on the property thus acquired by plaintiff, since if gifts were made she could not revoke them, and the property thus transferred became the property of plaintiff as absolutely as if he had purchased it.   p. 201.

6.   BILLS AND NOTES.—*Notes Between Husband and Wife.*—*Payment.*—*Resumption of Marital Relations.*—In an action against plaintiff's former common law wife on a note executed by her in settlement of their affairs at the time of separation, where there was evidence showing that the parties did not consider the note as paid by their subsequent resumption of the relation of husband and wife, and that the reconciliation took place at defendant's request, the decision for plaintiff was supported by the evidence, and was not contrary to law on the theory that under the evidence the note was paid as a matter of law by virtue of the reconciliation.   p. 201.

7.   APPEAL.—*Review.*—*Ruling on Motion for New Trial.*—Where as a part of her motion for a new trial, on the ground that she had been surprised by the testimony of a certain witness, defendant submitted an affidavit that the witness, who had testified to hearing a conversation by defendant, had since the trial told her that she was not the woman he heard, and in opposition thereto, plaintiff produced the affidavit of the witness in which he stated that since the trial defendant had tried to induce him to say that he had never seen her before the trial, but that he did see her and did hear the conversation to which he had testified, and that defendant's affidavit was false, the motion was properly refused upon that ground.   p. 202.

8.   NEW TRIAL.—*Grounds.*—*Surprise.*—Surprise at the testimony of an adversary witness, legally admissible under the issues, is at most but ground for a continuance, and not cause for a new trial. p. 202.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Joseph S. Stallings against Catherine P. Kyger. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*S. J. Ghee* and *S. M. Emison*, for appellant.

*John W. McGaughey, W. M. Alsop* and *LeRoy M. Wade*, for appellee.

IBACH, J.—This was a term time appeal. At the term of court when the motion for new trial was overruled, an appeal was granted, the court fixed the penalty of the appeal bond, and gave thirty days' time to file the same with surety to the approval of the court, but did not name or approve the sureties on the bond at the time. Within the time allowed by the court, but at its next term, the bond was filed and approved. Appellee has moved the dismissal of the appeal for the reason that the sureties were not named and approved during the term at which judgment was rendered, claiming that failure to do so is an omission of one of the necessary steps prescribed by statute for the perfecting of a term time appeal. Appellee's position is upheld by the case of *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83, and cases there cited, and under that authority the appeal would have to be dismissed, were it not for the fact that appellee joined in error. Under the decision in *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164, an appearance to the merits, if not withdrawn upon leave of court, or a joinder in error is a waiver of the right to dismiss an appeal "because of lack of the statutory notice required in a vacation appeal, or because of appellant's failure to comply with the statutory requirements of a term time appeal, which are designed to subserve the same purpose as the notice required in a vacation appeal." Therefore, appellee, by his joinder in error, must be held to have waived the right to dismiss the appeal for failure to name and approve the sureties on the bond at the time when

judgment was rendered, and his motion to dismiss must be overruled.

Joseph S. Stallings, appellee, brought this action on a promissory note for $1,200, executed by appellant under the name of Catherine P. Stallings, to appellee under 2. the name of J. S. Stallings, and recovered below. The errors assigned for reversal arise upon the court's action in overruling appellant's motion for new trial. It is contended that there was a variance between the pleadings and the proof, since the complaint and exhibit show the note sued on to have been executed to J. S. Stallings, and the original note was executed to Joseph S. Stallings. In this, counsel for appellant are in error, for the note proved at the trial was executed to J. S. Stallings. When the note was first offered in evidence, counsel for appellant objected on the ground of variance as above stated. Apparently of the opinion that there was a variance, appellee's counsel did not then read the note in evidence, but asked leave to amend his complaint, which was granted. Meanwhile another witness proceeded to testify, and then, doubtless after appellee's counsel had ascertained that there was no variance, and had found that the note corresponded with the complaint and exhibit, the note was again offered and read in evidence, and no amendment of the complaint was made. There was no error in the court's granting leave to amend, for it is largely in the discretion of the trial court to allow amendment of pleadings to conform to proof. It would be absurd to say, that, because he had obtained leave, appellee was under a duty to amend, and was in fault for failing to amend, when inspection showed an exact correspondence between the complaint and the proof. However, the action of the court in granting leave to amend, in no wise harmed appellant, and was absolutely immaterial. It certainly can not be said to be reversible error.

One paragraph of appellant's answer was a verified *non est factum.* Appellant at the trial admitted that she had

executed a note for $1,200 to appellee. She claimed
3. that the note read in evidence was not the original
note which she had signed. It is now urged, that,
since there was a plea of *non est factum,* the execution of
the note was not proved by sufficient evidence. In this we
can not agree. Appellee testified without qualification, that
appellant executed the note in evidence. The evidence
showed that the note which appellant admitted to have
signed, was drawn up by the cashier of a certain bank.
This cashier was a witness and testified that the note in
evidence was all in his handwriting except the signature,
and identified that as appellant's. Appellant also identified
the signature as hers.

It is also claimed that the note was void because it was
a contract between parties living in adultery. The evidence
shows that appellee and appellant had been living
4. together as common law husband and wife for several
years, and that appellant was not divorced from her
former husband, a Mr. Kyger, at the time the note was
executed. It appears that appellee and appellant had
entered into what they believed was a *bona fide* common
law marriage. Appellant at the time she began living with
appellee believed that her former husband had secured a
divorce from her. Appellee believed the same for several
years, until he found out at about the time that the note was
given that she was not divorced, and it seems that appel-
lant had lived with him for some time before she learned
that she was not divorced. The note was executed at a time
when appellant and appellee were about to separate, in a
financial settlement between them as to their rights in
property to which they jointly held title. There is some
evidence that Stallings from his earnings had invested in
this property an amount practically as large as the sum
called for by the note. Other evidence would show that
the property had been purchased with the proceeds of oil

lands which had been owned by Mrs. Kyger. It was clearly shown that, either in recognition of Stallings' services in aiding her in a lawsuit to regain possession of these oil lands, after she had been led to deed them away, or for some other good reason, she had transferred to him half the royalties from them. Appellant's evidence would tend to show that the note was executed under some compulsion from appellee, and that appellee's interest in the joint property was the result of gifts from her. Her evidence on both these points is contradicted. Though the evidence is conflicting, there is sufficient evidence to show that the note was given in settlement of the financial matters between the parties. There is absolutely no evidence to show that it was given in consideration of future illicit intercourse, in which case it would have been void as a matter of law.

5. Nor can the contention be upheld that as appellant had made gifts to appellee, she had an equitable claim on the property thus acquired. As a matter of law, if she had executed gifts to appellee, she could not revoke them, and the property thus transferred to him became his as absolutely as if he had purchased it.

Appellant also claims that there is no proof to show that the note was not fully paid and satisfied by the action of the parties in resuming the relations of husband and 6. wife after its execution, and claims that as a matter of law it was fully paid by their resumption of marital relations. There is evidence, however, that the parties did not consider the note paid by their reunion, and that this reconciliation took place at appellant's suggestion. Appellant cites no authority to support her claim that the note as a matter of law was paid by the resumption of their former relations. There is evidence to support the court's decision, and that decision is not contrary to law.

Thomas Pry, a witness for appellee, testified that when he, as a hostler brought a horse from a livery stable for

appellee and appellant during their last period of
living together, they came out of their house quar-
relling, and he overheard her say to him, with an
oath, "Yes, I owe that $1,200 note, and I will not pay it
to you till I get ready." Appellant assigned as one ground
of her motion for new trial that she was surprised by this
testimony. However, Pry was not the only witness who
gave such evidence, for appellee testified to the same con-
versation. As a part of her motion for new trial, appel-
lant made affidavit that since the trial the witness Pry
had told her that she was not the woman he heard make the
above remark to Stallings, and that he had never heard a
conversation between her and Stallings. Appellee produced
in opposition to her affidavit the affidavit of Pry wherein
he certified that since the trial appellant had induced him,
Pry, to visit her at her home, and tried to induce him to
say that he had never seen her before the trial, but that
he, at that time, told appellant that he had seen her with
Stallings, and heard the conversation with Stallings to
which he testified at the trial. He also certifies that the
statements in her affidavit as to what he had told her since
the trial were false. Appellant made no showing by affi-
davits of any other evidence which would contradict Pry's
statements in his affidavit or his testimony at the former
trial. The court had before it the evidence which would
have been produced at a new trial, and was clearly right,
upon the showing made by these affidavits, in refusing to
grant a new trial upon the ground of surprise at the testi-
mony of the witness Pry. Furthermore, the testi-
mony of the witness Pry was entirely legitimate under
the issues, and therefore appellant could not have
been legally surprised when the evidence complained of
was introduced. Surprise at the testimony of an adversary
witness, legally admissible under the issues, is at most but
ground for a continuance, not for a new trial. *Fudge* v.
*Marquell* (1905), 164 Ind. 447, 72 N. E. 565, 73 N. E. 895;

*Working* v. *Garn* (1897), 148 Ind. 546, 551; 47 N. E. 951;
*Kelley* v. *Kelley* (1894), 8 Ind. App. 606, 34 N. E. 1009

No error appears and the judgment is affirmed.

NOTE.—Reported in 103 N. E. 674. As to effect of illegal consideration for contract, see 117 Am. St. 493. As to rights of parties to illegal contract, see 67 Am. Dec. 153; 113 Am. St. 724. As to separation agreements between husband and wife, see 90 Am. Dec. 367; 83 Am. St. 859. See, also, under (1) 2 Cyc. 191; (3) 8 Cyc. 282; (4) 7 Cyc. 743; (5) 20 Cyc. 1212, 1216; (8) 29 Cyc. 866.