# W. C. HALL MILLING COMPANY *v.* HEWES.

[No. 8,859.   Filed May 21, 1914.   Rehearing denied November 6, 1914.   Transfer denied December 17, 1914.)

1. APPEAL.—*Time for Perfecting.—Judgment Preceding Ruling on Motion for New Trial.*—Where the entry of judgment precedes the ruling on the motion for new trial, the latter action of the court marks the beginning of the time limited for appeal.   p. 383.

2. APPEAL.—*Term Time Appeal.—Approval of Bond.*—Where a term time appeal was attempted under §679 Burns 1914, §637 R. S. 1881, but it appears that the court did not approve the bond, or name or approve the surety thereon, either at the time of overruling the motion for new trial, or at any time within the

term at which such action was had, such appeal was not properly perfected as a term time appeal.   p. 383.

3.  APPEAL.—*Failure to Perfect.—Notice.—Dismissal.*—Where an appeal, not properly perfected as a term time appeal, has been on the docket for more than ninety days, without any appearance by appellee, and without the giving of notice so as to perfect it as a vacation appeal under §681 Burns 1914, §640 R. S. 1881, a dismissal thereof is required.   p. 383.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action between the W. C. Hall Milling Company and John W. Hewes.  From a judgment for the latter, the former appeals.   *Appeal dismissed.*

*McGregor & Harris, George C. Harvey* and *James Bingham,* for appellant.

*Thad S. Adams* and *Stotsenburg & Weathers,* for appellee.

CALDWELL, J.—Appellee, under a special appearance directed to that end, moves to dismiss this appeal, on the ground that appellant has not complied with the statute providing for term time appeals, and has failed to give notice as required in cases of vacation appeals.   The facts are as follows:   Judgment was rendered and entered by the trial court against appellant on June 9, 1913.   On October 23, being at the September term, 1913, of said court, appellant's motion for a new trial was overruled, at which time it prayed an appeal to this court, which was granted, on condition that appellant would within thirty days file its appeal bond, with penalty in the sum of $6,000, to be approved by the court.   On November 21, being at the November term, 1913, of the trial court, and within the time given by the court, appellant filed such bond, with penalty in said sum, and with surety, as in said bond named, which bond was on said day approved by the court.   The transcript was filed in this court January 19, 1914, and the cause submitted February 18, 1914.

Where, as here, the entry of the judgment precedes the ruling on the motion for a new trial, the latter action of the court marks the beginning of the time limited for appeal. It will be observed that neither at the time of the ruling on the motion for a new trial, nor at any time within the term at which the action was had, did the court approve the bond or name or approve the surety thereon. Appellant concedes that an effort has been made to perfect this appeal as a term time appeal, under the provisions of §679 Burns 1914, §637 R. S. 1881. The appeal has not been properly perfected as a term time appeal. *Penn etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Kyger* v. *Stallings* (1913), 55 Ind. App. 196, 103 N. E. 674; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304.

The trial was had commencing May 19, 1913, at which time the amendatory act of 1913 (Acts 1913 p. 65, §672 Burns 1914) was in force. The time limited for appeal by such act expired April 21, 1914. It is provided by Rule 36 of this court that "where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court * * * the clerk shall enter an order dismissing the appeal." It is held that where a cause is appealed as a vacation appeal, and where it has been on the docket of the appellate tribunal ninety days without any steps having been taken to bring the appellee into court, as provided by said Rule 36, such appeal will be dismissed as soon as such failure is called to the attention of the court. *Cole* v. *Franks* (1897), 147 Ind. 281, 46 N. E. 532. This appeal has been on the docket of this court more than ninety days, to wit, since January 19, 1914, and no steps have been taken to give notice, as required by the rule, and §681 Burns 1914, §640 R. S. 1881, in cases of vacation appeal. Appellee has not joined in

error or otherwise entered an appearance here. The decisions herein cited are controlling.

Motion sustained and appeal dismissed.

NOTE.—Reported in 105 N. E. 241. See, also, under (1) 2 Cyc. 793; (2) 2 Cyc. 842; (3) 3 Cyc. 185.