## COXE BROTHERS & COMPANY v. FOLEY.

[No. 8,882. Filed December 17, 1914. Rehearing denied March 11, 1915. Transfer denied April 16, 1915.]

1. APPEAL.—*Perfecting Appeal.*—*Term Time Appeal.*—Where judgment preceded the ruling on the motion for a new trial, and at the time of such ruling an appeal was granted and the amount of the bond fixed, but neither the bond nor the sureties thereon were approved at that time, or within the term at which such ruling was had, the appeal was not perfected as a term time appeal. p. 585.

2. APPEAL.—*Imperfect Term Time Appeal.*—*Failure to Perfect as Vacation Appeal.*—Where an appeal, not properly perfected as a term time appeal, has remained on the docket for more than ninety days without any steps to perfect it as a vacation appeal, appellee's motion to dismiss must be sustained. .p. 586.

3. APPEAL.—*Perfecting.*—*Extension of Time.*—While the court may in a proper case, grant an extension of time so that an imperfect term time appeal may be perfected as a vacation appeal, such extension should be made only on a clear and strong showing that failure to perfect the appeal within the proper time was the result of accident, fraudulent conduct, or excusable neglect or mistake. p. 586.

Coxe Bros. & Co. *v.* Foley—58 Ind. App. 584.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Action by Coxe Brothers & Company against Peter M. Foley. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*John L. Davidson* and *Hoag & Ullman,* for appellant.
*Thomas F. O'Mara* and *Samuel D. Royse,* for appellee.

CALDWELL, P. J.—Appellee, appearing specially to that end, moves to dismiss this appeal, on the ground that it has not been perfected either as a term time or a vacation appeal. The motion was filed on June 18, pursuant to notice served on appellant on June 10, 1914.

The following are the facts: Appellant, a corporation, brought the action against appellee to recover the sum of $500, on a written guarantee. On June 25, 1913, being at the May term, 1913, of the trial court, judgment was entered that appellant take nothing, and that appellee recover costs. On the same day, appellant filed a motion for a new trial. The court overruled the motion on November 24, being at the November term, 1913, of said court, at which time, the following further entry was made: "Plaintiff now prays an appeal to the Appellate Court, which prayer for an appeal the court now grants, and fixes a bond at $200. The court now gives plaintiff ninety days in which to perfect said appeal." On February 14, being at the February term, 1914, of said court, appellant filed an appeal bond in the sum of $200, with the American Surety Company as surety, which bond the court on that day approved. The transcript was filed in this court on February 21, 1914. The judgment here preceded the ruling on the motion for a new trial. Neither at the time of the ruling on such motion, nor at any time within the term at which such ruling was made, did the court approve the appeal bond, or name or approve the surety thereon, as required in case of a term time appeal. It follows that the appeal has not been perfected as a term time appeal.

No steps have been taken to give notice as required in case of vacation appeals. At the time of the filing of said motion to dismiss, the time had already arrived at which it was the duty of the clerk to enter an order dismissing the appeal. Under such circumstances, the motion to dismiss must be sustained. The following cases control: *W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 105 N. E. 241, and cases cited; *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83.

Appellant asks that this court extend the time to serve notice in order that the appeal may yet be perfected as a vacation appeal. It is doubtless within the power of this court to do so in a proper case, when, as a result of accident, excusable neglect, etc., an appellant has been prevented from perfecting his appeal. *Tate* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 1035; *Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 N. E. 412. Permission to perfect an appeal by taking necessary steps after the expiration of the time limited therefor is exceptional, and should be allowed only upon a clear and strong showing. The showing should be sufficiently strong to invoke the power of the court. *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 32 N. E. 885. Appellant here makes no showing of the existence of any accident or any fraudulent conduct or excusable neglect or mistake, by which it has been prevented from causing notice to issue and be served as required. *Penn, etc., Plate Glass Co.* v. *Poling, supra,* which, as has been said, controls here, was decided more than a year before the transcript was filed in this appeal. Motion sustained and appeal dismissed.

NOTE.—Reported in 107 N. E. 85. See, also, under (1) 2 Cyc. 842; (2) 3 Cyc. 190; (3) 2 Cyc. 799.