## TUTTLE ET AL. v. FOWLER ET AL.

[No. 22,705. Filed February 10, 1915. Rehearing denied March 24, 1915.]

APPEAL.—*Imperfect Term Time Appeal.—Dismissal.*—Where, at the time the motion for new trial was overruled, an appeal was prayed and the amount of the bond was fixed, but the sureties were not named, nor the bond approved, either at that time or within the term, the appeal was not perfected as a term time appeal, and, in the absence of any steps to perfect a vacation appeal, a dismissal was required.

From Superior Court of Marion County (94,189) ; *Charles J. Orbison,* Judge.

Action between Inman H. Fowler and Richard B. Tuttle and others. From the judgment rendered, Richard B. Tuttle and another appeal. *Appeal dismissed.*

*Myers & Moffett* and *Henley, Fenton & Joseph,* for appellants.

*Pickens, Moores, Davidson & Pickens,* for appellees.

LAIRY, J.—This is an attempt to appeal under the statute providing for a term time appeal. At the time the motion for a new trial was overruled the court granted seventy-five days within which to prepare and file a bill of exceptions and appellant prayed an appeal to the Supreme Court which appeal the record shows was granted upon the filing of a bond in the penal sum of $100 with ——— as surety thereon within seventy-five days. The record does not show that the surety was named or that the bond was approved by the court at the time the order was made or during that term. Subsequently in vacation and within the time allowed,

an appeal bond in the penalty named by the court was submitted to the judge and approved, and filed with the clerk.

There is a motion to dismiss the appeal. Under the decisions of this court and the Appellate Court, the record does not show a compliance with the statute providing for a term time appeal, and as no steps have been taken to perfect a vacation appeal, the motion of appellees must be sustained. *Kyger* v. *Stallings* (1913), 55 Ind. App. 196, 103 N. E. 674; *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 105 N. E. 241; *Coxe Bros. & Co.* v. *Foley* (1915), 58 Ind. App. 584, 107 N. E. 85.

Appellants concede that these authorities are decisive of the question here presented, but urge upon the court that they should be overruled for the reason that the construction which they place upon the statute involved is too technical. The rule announced does not affect substantive rights, but relates only to the procedure in perfecting appeals. It was announced more than sixteen years ago and has been followed ever since. It is important that the rules of practice be finally established and that they should not be frequently changed by conflicting constructions. It is not apparent that the construction heretofore placed upon the statute works any hardship or injustice to litigants or that the rule announced is burdensome in its operation. The members of the bar generally are familiar with the rule as announced in former decisions and this court is not inclined to create confusion in the practice by placing a different construction on the statute.

Appeal dismissed.

NOTE.—Reported in 107 N. E. 674. As to bonds and undertakings on appeal, see 67 Am. St. 197. See, also, 2 Cyc. 842.