# FORT *v.* WHITE, EXECUTOR.

[No. 9,092.   Filed February 10, 1915.   Rehearing denied March 5,
1915.   Transfer denied April 15, 1915.]

1. APPEAL.—*Perfecting Appeal.—Term .Time Appeal.—Bond.*—To perfect a term time appeal, it is essential that the bond be approved by the court at the term at which the appeal is granted, and, where the completed bond is not so filed and approved at the term, the equivalent may be accomplished by the court's fixing the amount of the bond and naming and approving the sureties at the term, and by filing the completed bond within the time granted by the court and shown by the record. p. 527.

2. APPEAL.—*Imperfect Term Time Appeal.—Failure to Perfect as Vacation Appeal.—Dismissal.*—Where an imperfect or attempted term time appeal has stood upon the docket of the Supreme or Appellate Court for more than ninety days without any steps being taken to give notice or otherwise perfect a vacation appeal, a dismissal is required, unless sufficient reason is shown for making an exception to the rule. p. 527.

3. APPEAL.—*Imperfect Term Time Appeal.—Failure to Perfect as Vacation Appeal.—Showing to Avoid Dismissal.—Sufficiency.*— Where an appeal, not properly perfected as a term time appeal by reason of appellant's failure to file the bond at the term at which the appeal was taken, remained upon the docket of the Appellate Court for more than ninety days without any effort being made to perfect it as a vacation appeal, an affidavit showing that appellant's counsel were of the opinion that the record showed that

the bond was approved at the term, and that the clerk of the Appellate Court concurred in such view, and that appellant did not discover otherwise until a dismissal was asked, was insufficient to show an exception that would avoid the operation of the rule requiring a dismissal. (*Tate* v. *Hamlin* [1895], 149 Ind. 94; *Hutts* v. *Martin* [1892], 131 Ind. 1; and *Bank of Westfield* v. *Inman* [1892], 133 Ind. 287, distinguished.) p. 527.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Emma Fort against Stephen G. White, executor with the will annexed of Stephen G. Scott, deceased, and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*Chauncey M. Duncan, Wymond J. Beckett, William F. Elliott* and *Gentry & Cloe,* for appellant.

*Kane & Kane* and *Cook & Walker,* for appellees.

FELT, J.—On motion of appellees, this appeal was dismissed on February 10, 1915. On February 19, 1915, appellant filed her petition for rehearing and request that the appeal be reinstated on the docket of this court, for certain reasons, one of which is that the decision of the court in dismissing the appeal, contravenes certain ruling precedents of the Supreme Court of this State. The Appellate Court is bound by the law as declared by the Supreme Court, and has no power to overrule a decision of that court. If appellant is right in her contention, the order of dismissal should be set aside and the appeal reinstated on the docket of this court. On the other hand, if the appeal was dismissed in pursuance of the law as declared by the Supreme Court and followed by this court and in obedience to the rules promulgated by both courts, which many decisions declare to have the force and effect of law, then this court could not rightly have done otherwise than dismiss the appeal and the pending motion should be overruled.

There were several grounds alleged for the dismissal of the appeal, but in view of the conclusion reached by this court with reference to the appeal bond and the failure to

take any steps to perfect the appeal as a term time appeal within the prescribed time, other questions need not be considered. It appears without controversy that the motion for a new trial was overruled and the judgment rendered on July 21, 1914, the 92d judicial day of the April term of the Hamilton Circuit Court. On that day an appeal was prayed and granted, the bond was fixed at $250 and thirty days were given in which to file the bond. No sureties were named or approved at that time or at any time during the term. The attorneys for the appellees were present in court when the appeal was granted. On August 14, 1914, in vacation, an entry was made showing the filing of the bond in the required amount, which bond bore the following indorsement, viz., ''Examined and approved, Aug. 14, 1914, Meade Vestal, Judge.'' This is the only record of the approval of the bond. The transcript was filed September 24, 1914, and the cause was submitted on October 24. On January 26, 1915, appellant filed her petition, supported by affidavit of counsel, asking that the submission be set aside and that she be permitted to serve notice upon appellees and perfect her appeal as a vacation appeal. This motion was overruled and appellees' motion to dismiss was sustained on February 10, 1915.

The affidavit in support of the motion to set aside the submission and perfect the appeal as a vacation appeal made after the case had been on the docket of this court for more than ninety days, discloses the facts in regard to the record in harmony with the foregoing statement, and also alleges in substance that appellant's counsel examined the transcript and concluded that it disclosed a term time appeal; that the clerk of this court examined the same and treated it as a term time appeal and said no notice was necessary; that appellant's counsel did not discover that the court had not named and approved the sureties on the bond during the term until the fact was ascertained from the notice to dismiss the appeal which was served one day after the 180

days allowed for an appeal had expired; that upon discovering the condition of the record, appellant's counsel immediately prepared and filed a verified motion asking to set aside the submission and give notice of the appeal, and caused due notice thereof to be served on appellees' counsel.

The Supreme Court has definitely settled the question that, in perfecting a term time appeal, it is essential that the bond be approved by the court at the term at which the appeal is granted and where the completed bond is not so filed and approved at the term, the equivalent may be accomplished by the court's fixing the amount of the bond and naming and approving the sureties at the term, and by the appellant filing the same in accordance with such order within the time granted by the court and shown by the record. *Daugherty* v. *Payne* (1911), 175 Ind. 603, 605, 607, 95 N. E. 233, and cases cited. The Appellate Court has followed and enforced the rule announced by the Supreme Court. *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Coxe Bros. & Co.* v. *Foley* (1915), *post* 584, 107 N. E. 85.

It is not questioned by the appellant that the case stood on the docket of this court for more than ninety days (see Rule 36, of the Supreme and Appellate Courts), without any steps being taken to give notice or otherwise perfect a vacation appeal. Where this is the case, under the rule and many decisions, the appeal should be dismissed, unless there is some sufficient reason for making an exception to the rule. *Smith* v. *Hibben* (1915), 59 Ind. App. —, 107 N. E. 40, and cases cited; *Coxe Bros. & Co.* v. *Foley, supra; W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 105 N. E. 241.

In the showing made in this case, it is not claimed that appellees or any one else misled appellant. The fact that the clerk concurred in the view of counsel for appellant in deeming it a term time appeal is not material, and can not have the effect of changing or suspend-

ing the rule. The cases relied on by appellant as giving her the right to perfect her appeal after the expiration of 180 days from the rendition of the judgment from which the appeal was prayed and after ninety days had expired since the case was placed on the docket of this court are the following: *Tate* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 1035; *Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 32 N. E. 885; *Fisher* v. *Blumhardt* (1915), 182 Ind. 603, 107 N. E. 466. In our view of these cases, they are not applicable to the case at bar because the facts in this case do not bring it within the exceptions recognized in the decisions relied upon by appellant. *Tate* v. *Hamlin, supra,* perhaps comes the nearest, but it falls far short of supporting appellant's contention. In that case the appeal was duly taken and a timely notice was issued by the clerk of the Supreme Court ''for the appellees or their attorneys, naming them''. It was not served upon the appellees as required by the statute, but upon the attorneys. The court held that the notice was sufficient in form because it was for the appellees, the proper parties, and was not ineffectual because it unnecessarily and improperly included the attorneys, also that inasmuch as a custom had grown up of issuing such notices and serving them upon the attorneys instead of the parties, and said custom had gone unquestioned for some time under circumstances that might reasonably lead to the conclusion that it had the sanction of the court, though service on the attorneys was not good under the statute, the failure to have the notice properly served under the circumstances was held to be excusable and unintentional neglect on the part of appellant, and he was permitted to issue a new notice and have it properly served. In *Hutts* v. *Martin, supra,* there was a slight mistake of fact in naming one of the coparties and another mistake by the clerk in making up the transcript which the court held to be excusable mistake, and granted thirty days in which to correct the mistakes at the

cost of the appellants. In *Bank of Westfield* v. *Inman, supra,* the only mistake was on the part of the clerk in omitting one of the appellees from the notice. The court held that inasmuch as the appellant had done all in his power to perfect the appeal, and had done so as to part of the appellees he should be permitted to perfect it as to the omitted party without prejudice to his rights in the appeal. *Fisher* v. *Blumhardt, supra,* is on another subject and does not give any support to appellant's contention.

The action of the court in dismissing the appeal was compelled by the rules of law and procedure of long standing in this State. There are no facts or circumstances to take the case out of the operation of these rules of procedure. It is simply a case of an inadvertent mistake of law in perfecting the appeal, for which appellees were in no wise responsible, and of which they have the legal right to avail themselves. The petition for rehearing on the motion to dismiss is denied.

Hottel, C. J., Caldwell, P. J., Ibach, Moran and Shea, JJ., concur.

NOTE.—Reported in 108 N. E. 27. As to limitations upon the doctrine of *stare decisis,* see 27 Am. Dec. 631; 73 Am. St. 98. See, also, under (1) 2 Cyc. 842, 844; (2, 3) 3 Cyc. 190.