ROHRBAUGH v. LEAS, ADMINISTRATOR.

[No. 9,566.    Filed January 12, 1917.]

1. APPEAL.—*Assignment of Errors.—Parties to Appeal.—Administrator.—Failure to Properly Designate.—Dismissal.*—Where the judgment appealed from was rendered in favor of a party in his representative capacity as administrator of the estate of another, but on the appeal he was designated in the assignment of errors merely as administrator, but for whose estate not being indicated, the appeal will be dismissed for failure to comply with the rules of the Appellate Court requiring that the assignment of errors shall contain the full names of all parties to an appeal. p. 545.

2. APPEAL.—*Term-Time Appeal.—Time for Perfecting.—Approval of Bond.*—To perfect a term-time appeal under §679 Burns 1914, §683 R. S. 1881, it is necessary that the penalty and surety of the appeal bond should be fixed and approved within the term at which final judgment is rendered and the filing and approving of a bond after the close of such term, though within the time allowed by the trial court, will not cure the omission of the essential requirement. pp. 546, 547.

3  APPEAL.—*Time for Perfecting.—Judgment Preceding Ruling on Motion for New Trial.*—Where the entry of the judgment precedes the ruling on the motion for a new trial, the latter action of the court marks the beginning of the time limited for an appeal. p. 547.

4. APPEAL.—*Failure to Perfect.—Dismissal.*—Where an appeal, not properly perfected as a term-time appeal, has been on the docket for more than ninety days, and no steps have been taken to give notice so as to perfect it as a vacation appeal under §681 Burns 1914, §640 R. S. 1881, a dismissal is required. p. 548.

From Dekalb Circuit Court; *Emmet A. Bratton,* Special Judge.

Action by Earl D. Leas, administrator of the estate of Sarah A. Rohrbaugh, deceased, against Matilda Rohrbaugh. From a judgment for plaintiff, the defendant appeals, and plaintiff moves to dismiss the appeal. *Motion to dismiss appeal sustained.*

*Edgar W. Atkinson* and *C. M. Brown,* for appellant.
*Hoffman & Shearer* and *William H. Leas,* for appellee.

BATMAN, J.—Appellee, under a special appearance, moves to dismiss this appeal on several grounds, only two of which we find it necessary to consider.  The judgment below 1.  was rendered in favor of Earl D. Leas, as administrator of the estate of Sarah A. Rohrbaugh, deceased, against Matilda Rohrbaugh.  The parties are designated in the assignment of errors: "Matilda Rohrbaugh, appellant, vs. Earl D. Leas, Administrator, appellee."  The rules of this court require that the assignment of errors shall contain the full names of the parties, and unless this rule is complied with the appeal will be dismissed.  *Whisler* v. *Whisler* (1904), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152, and *Bender* v. *State,* ex rel. (1911), 176 Ind. 70, 95 N. E. 305.

In the case first cited, one of the defendants named in the complaint was Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed.  Another was Lewis Signs, who was trustee under the will of John Whisler, deceased, for five or more beneficiaries.  Neither of said parties was so described in the assignment of errors, but their names appear therein as "Cornelius Lumaree, executor, Lewis Signs, trustee."  The court said, on page 139: "These two defendants were sued in their representative capacity, and not as individuals.  *   *   *   Where persons sue or are sued in a representative capacity the rule that the full names of the parties shall be set out in the assignment of errors requires that they shall be properly described in that pleading as such representatives or fiduciaries.  Otherwise the court to which the appeal is taken acquires no jurisdiction over them.  The appellee 'Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed,' could not have been sued and charged in his representative character by the description 'Cornelius Lumaree, executor,' without the addition of a further averment or designation showing his relation to the

will or estate of some person. The same thing is true of the appellee Lewis Signs, who is described in the assignment of errors simply as 'trustee'; but how created, or for whom, does not appear. Neither of these persons in his representative capacity is before the court. As two of the parties named in the complaint, and in whose favor judgment was rendered against the appellant, are not properly designated in the assignment of errors, either in its title or body, we are compelled to hold that the assignment does not comply with rule six, and therefore the appeal must be dismissed.''

In this case appellee was a party to the judgment in his representative capacity, and not as an individual. Upon the authority of the cases cited, *supra,* we hold that he is not properly described as such representative in the assignment of errors, and therefore is not before this court in the same capacity in which he recovered judgment. This is ground for dismissal.

Appellant cites the case of *First Nat. Bank* v. *Farmers, etc., Bank* (1908), 171 Ind. 323, 86 N. E. 417, in support of his contention that the assignment of errors is sufficient. It will be observed, however, that the name of the appellant in question in that case is set out as ''Charles R. Wheeler, trustee for the First National Bank of Peoria, Illinois'' and therefore the question here presented is not the same as the one decided in that case.

Appellee urges as a further reason for the dismissal of this appeal that appellant has not complied with the statute providing for term-time appeals, and has failed to give notice as required in case of vacation appeals.

2.  The facts are as follows: Judgment was rendered and entered by the trial court against appellant on March 12, 1915, the same being the eleventh judicial day of the March term, 1915. On the same date appellant filed a motion for a new trial, which was subsequently overruled on January 20, 1916, the same being the twenty-eighth judicial day of

NOVEMBER TERM, 1916. 547

Rohrbaugh *v.* Leas. Admr.—63 Ind. App. 544.

the December term, 1915, at which time appellant prayed an appeal to this court, which was granted on condition that appellant would, on or before the second Monday of the March term, 1916, file its appeal bond with penalty in the sum of $1,500. On March 13, 1916, the same being the seventh judicial day of the March term, 1916, of the trial court, and within the time given by the court, appellant filed the bond, with penalty in said sum, and with sureties as in the bond named, which bond was on said date approved by the court. The transcript was filed in this court on April 11, 1916, and the cause was submitted on May 11, 1916. Where, as here, the entry of the judgment preceded the ruling on the motion for a new trial, the latter action of the court marked the beginning of the time limited for an appeal. It will be found that neither at the time of the ruling on the motion for a new trial, nor at any time within the term at which the action was had, did the court approve the bond or name or approve the sureties thereon. Appellant concedes that an effort has been made to perfect this appeal as a term-time appeal under provision of §679 Burns 1914, §638 R. S. 1881. The appeal has not been properly perfected as a term-time appeal. *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Kyger* v. *Stallings* (1913), 55 Ind. App. 196, 103 N. E. 674; *W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 105 N. E. 241; *Coxe Bros. & Co.* v. *Foley* (1915), 58 Ind. App. 584, 107 N. E. 85; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Tuttle* v. *Fowler* (1915), 183 Ind. 99, 107 N. E. 674.

Appellant cites the case of *Atkinson* v. *Williams* (1898), 151 Ind. 431, 51 N. E. 721, but this authority does not meet the question. We recognize the rule, as there stated, that when judgment is rendered before the motion for a new trial for cause is filed, the final judgment within the meaning of

the statute governing appeals, is the judgment of the court overruling such motion for a new trial for cause, and we have given it full effect in passing upon the motion in this case to dismiss the appeal. The final judgment in this case, according to the rule just stated, was rendered at the December term, 1915. In order to have a term-time appeal, it was necessary that the penalty and surety of the appeal bond should be fixed and approved at that term, but no surety was named or approved at such term. This was an omission of an essential requirement, and the filing and approving of a bond after the close of such term and, within the time given, would not have the effect of curing such omission.

This appeal has been on the docket of this court for more than ninety days, to wit, since April 11, 1916, and no steps have been taken to give notice, as required by §681 Burns 1914, §640 R. S. 1881, in cases of vacation appeal. Appellee has not joined in error nor otherwise entered a general appearance. The authorities are controlling, and determine the duty of the court under the facts shown in the record. Motion sustained and appeal dismissed.

NOTE.—Reported in 114 N. E. 762.