## Teepe et al. *v.* Cloud.

[No. 10,105.	Filed June 26, 1918.]

1. Appeal.—*Term-Time Appeal.—Failure to Perfect.—Dismissal.*—Where at the time the motion for a new trial was overruled, and during the term at which judgment was rendered, an appeal was prayed and the amount of bond fixed, but the appeal bond was not filed and the surety not approved until the succeeding term, and no steps were taken to perfect a vacation appeal, the appeal was not perfected and will be dismissed.  p. 166.

2. Appeal.—*Briefs.—Transcript.—Failure to Point Out.—Waiver.—Statute.*—Under the act of 1917, Acts 1917 p. 523, §3, §691c Burns' Supp. 1918, requiring appellee, within fifteen days after the time for filing appellant's briefs has expired, to file with the clerk of the appellate court his objections to the record and briefs together with a concise statement of his ·reasons therefor, and providing that failure to do so shall be a waiver of such objections, defects that the transcript contains no marginal notes, and that the briefs partly fail to make proper references to the transcript are waived, when not pointed out as required by the act, and the court may examine the transcript to determine the appeal on its merits.  p. 166.

3. APPEAL.—*Jurisdictional Defects.—Failure to Complete Appeal.* —The failure to perfect a term-time appeal by filing an appeal bond and having the bond approved at the term during which final judgment was rendered is jurisdictional, and is not waived by appellee's failure to object within fifteen days after the time for filing appellant's brief has expired as provided by the act of .1917, Acts 1917 p. 523, §3, §691c Burns' Supp. 1918, for making objections to record and briefs, since such defects, being jurisditional, do not come within the terms of the act. p. 168.

From Marion Superior Court (101,928); *Theophilus J. Moll*, Judge.

Action by Louise R. Cloud against George Teepe and another. From a judgment for plaintiff, the defendants appeal. *Appeal dismissed.*

*Burrell Wright, Jacob S. White* and *Harold Taylor*, for appellants.

*White & Jones*, for appellee.

CALDWELL, C. J.—Appellee moves to dismiss this appeal, assigning the following reasons: First, that an attempt has been made to appeal under the statute providing for term-time appeals, but that the statute has not been complied with, and that no steps have been taken to perfect the appeal as a vacation appeal; second, that there has been a failure to comply with the rules of this court, in that the transcript contains no marginal notes, and appellants' briefs do not contain proper references to the transcript.

The facts on which the first reason is based are as follows: The judgment was rendered, May 17, 1917, being at the May term of the trial court. The motion for a new trial was overruled, May 21, 1917, being also at the May term of said court. At the time of the ruling on the motion for a new trial appellants prayed an appeal to this court, which

was granted "upon defendants filing an appeal bond for $500.00 within thirty days from this date, and filing bill of exceptions within sixty days thereafter." On June 20, 1917, being at the June term of the trial court, appellants filed an appeal bond in penalty as fixed by the court, with William M. Taylor as surety thereon, which bond was thereupon approved by the court and filed with the clerk. The transcript was filed in this court, August 18, 1917. It is not contended that any steps have been taken to perfect the appeal as a vacation appeal. Under such circumstances it would seem that the motion should be sustained and the appeal dismissed on authority of *Tuttle* v. *Fowler* (1915), 183 Ind. 99, 107 N. E. 674, and cases there cited, and, also, the later case of *Rohrbaugh* v. *Leas, Admr.* (1917), 63 Ind. App. 544, 114 N. E. 762.

Appellants, however, point to §3 of the act of 1917, Acts 1917 p. 523, §691c Burns' Supp. 1918, and insist that the situation here is governed by

2.   that act, and that by virtue thereof appellee must be held to have waived each of the defects complained of, by reason of a failure to point them out within the fifteen-day period, and in the manner provided by §3 of that act. Appellants correctly interpret that section. Defects included within its provisions are waived if not pointed out as thereby required. When so waived, this court may examine the transcript to determine the appeal on its merits. *Leslie* v. *Ebner* (1919), 67 Ind. App. 32, 117 N. E. 511, 118 N. E. 829. As to any of the defects now complained of appellee did not take the steps required by said §3, but for the first time and by means of a motion to dismiss points them out as grounds on which such

motion rests. It follows that, if the defects which constitute the grounds of the motion exist in fact, and if they are included within the scope of said §3, appellee has waived them, and we are authorized to overrule the motion. *Leslie* v. *Ebner, supra.* An inspection of the transcript discloses that it contains no marginal notes. An inspection of appellants' briefs likewise discloses that there has been a partial failure to make proper references to the transcript. These defects, forming the basis of the second reason assigned for dismissal as above set out, come within the provisions of §3, *supra,* and for reasons indicated have been waived by appellee.

The facts upon which the first reason is based amount to more than a defect. They are jurisdictional in nature. Being jurisdictional, the effect of the involved omission is not comprehended by the curative provisions of said §3, *supra.* It follows that as to the facts involved in the first reason as above set out a waiver does not result from appellee's failure to proceed under such §3, *supra,* since as to such situation such section is not applicable.

Following the authorities above cited, the motion is sustained, and the cause dismissed for the reason first above set out.

NOTE.—Reported in 120 N. E. 29.