EQUITABLE SURETY COMPANY v. TAYLOR ET AL.

[No. 9,651.   Filed December 20, 1918.   Rehearing denied March 6, 1919.   Transfer denied November 20, 1919.]

1. APPEAL.—*Right of.—Statutes.—Compliance.*—The right of appeal is purely statutory, and a party seeking to avail himself thereof must comply with the statute providing therefor. p. 385.
2. APPEAL.—*Term Time.—Bond.—Approval.—Equivalent Methods.*

—To perfect a term-time appeal, §679 Burns 1914, §638 R. S. 1881, requires that the bond be filed and approved at the term at which the appeal is granted, or else that the court fix the amount of bond and name and approve the sureties at such term and that the bond be filed in accordance therewith and within the time granted therefor by the court as shown by the record. p. 385.

3. APPEAL.—*Bond.— Entry.— Construction.— General Rules.*—The rule that every clause and word of a written instrument should, when possible, be given some meaning, and a harmonious whole be made to appear, applies to the construction of an entry granting an appeal and fixing bond therefor. p. 387.

4. APPEAL.—*Final Judgment.—Motion for New Trial Filed After Judgment.—Ruling Thereon.*—The ruling on the motion for new trial, made after the entry of judgment, is taken as the final judgment within the meaning of the statute governing term-time appeals in civil cases. p. 387.

5. APPEAL.—*Term Time.—Bond.—Sureties.—Approval After Term.*—Where the court, during the term in which final judgment is rendered, fails to approve either the appeal bond or surety, such failure cannot be cured by an approval made at a subsequent term. (*Penn., etc., Plate Glass Co.* v. *Poling* [1913], 52 Ind. App. 492, 100 N. E. 83, and *Ashley* v. *Henderson* [1904], 32 Ind. App. 242, 69 N. E. 469, in part disapproved.) p. 387.

6. APPEAL.—*Term Time.—Bond.—Sureties.—Approval.—Record.*—Where an entry shows appeal granted, bond fixed and surety named "subject to the approval of the court," neither the bond nor surety is shown to have been approved. p. 387.

7. APPEAL.—*Perfecting.—Jurisdiction.—Joinder in Error.—Dismissal.*—Where an ineffectual attempt has been made to perfect a term-time appeal and no effort has been made to perfect the same as a vacation appeal, and appellees have not joined in error, a motion to dismiss for want of jurisdiction will be sustained. p. 389.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Jesse B. Taylor and others against the Equitable Surety Company. From a judgment for the plaintiffs, defendant appeals. *Appeal Dismissed.*

*Major A. Downing,* for appellant.

*Kittinger & Diven, Leffler Ball & Needham,* for appellees.

BATMAN, P. J.—Appellant has attempted to perfect this appeal under §679 Burns 1914, §638 R. S. 1881, which reads in part as follows: "When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, payable to the appellee," etc. The record discloses that the judgment in this cause was rendered on March 1, 1916; that thereafter on March 29, 1916, the same being the seventy-fifth judicial day of the January term, 1916, of the Delaware Circuit Court, appellant filed its motion for a new trial, which was overruled on the same day, and thereupon the following entry was made: "And the defendant, Equitable Surety Company, prays an appeal to the Appellate Court, which prayer is granted upon the filing, within thirty days from this date, of an appeal bond with Aetna Accident and Liability Co. of Hartford, Conn. as surety in the penal sum of Ten Thousand ($10,000) Dollars, subject to the approval of the court." On April 21, 1916, the same being the twenty-first judicial day of the April term, 1916, of said court, appellant filed an appeal bond in open court, in the amount and with the surety named in said order, which bond was then inspected and approved by the court. On June 24, 1916, appellant filed a transcript of the proceedings in this cause, together with its assignment of errors, in the office of the clerk of this court.

On October 19, 1916, appellees filed a motion to dismiss the appeal upon two grounds, viz.: (1) That neither the appeal bond, nor the surety thereon, was

approved during the term at which the judgment was rendered, as required by §679, *supra*. (2) That no sufficient assignment of errors was filed by appellant in this court. Action on this motion was postponed until the final hearing, and is now before us for determination.

It should be borne in mind that the right of appeal is purely statutory, and a party who seeks to avail himself of such remedy must comply with the statute providing for the same. *Blose* v. *Meyers* (1914), 58 Ind. App. 34, 107 N. E. 548. It is well settled that, in order for a party to bring himself within the provisions of §679, *supra,* and thereby perfect a term-time appeal, it is essential that the bond be approved by the court at the term at which the appeal is granted, or that the equivalent be accomplished by the court fixing the amount of the bond and naming and approving the sureties at such term, and by appellant filing the same in accordance with such order, within the time granted by the court and shown by the record. *Fort* v. *White* (1915), 58 Ind. App. 524, 108 N. E. 27; *Kyger* v. *Stallings* (1913), 55 Ind. App. 196, 103 N. E. 674; *W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 105 N. E. 241; *Coxe Bros. & Co.* v. *Foley* (1915), 58 Ind. App. 584, 107 N. E. 85; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Tuttle* v. *Fowler* (1915), 183 Ind. 99, 107 N. E. 674; *Rohrbaugh* v. *Lease, Admr.* (1917), 63 Ind. App. 544, 114 N. E. 762.

Appellees contend that appellant did not file its appeal bond during the term at which the appeal was granted, and that the court did not, at such term, approve the surety on the appeal bond subsequently filed by it, and hence it failed to perfect its appeal.

Appellant does not claim to have filed its appeal bond during the term at which the appeal was granted, but contends that it filed its motion for a new trial in due time; that at the time the court overruled its said motion it prayed an appeal, which was duly granted, and the court fixed the amount of the appeal bond and named the surety thereon, which it in effect approved; that thereafter, within the time given therefor, it filed its appeal bond in conformity with the order of the court, and thereby perfected its appeal.

It will be observed that the order-book entry in question does not formally recite that the court approved the surety named therein. Appellant claims that this is unnecessary, as such approval is clearly implied from the fact that the court granted the appeal prayed upon the filing of an appeal bond, within thirty days from that date, in a specified sum, with a designated surety thereon.

We would agree with this contention, if it were not for the concluding clause of the order-book entry which reads, "subject to the approval of the court," but the use of this clause clearly precludes an inference of approval.

Appellant seeks to avoid the effect of this concluding cause by asserting that it should be regarded as mere surplusage, or considered as merely reserving to the court the right thereafter to inspect the bond filed by it, to see that it measures up to the court's requirements as to penalty and surety, and was in the form provided by law.

It is an elementary rule of construction that every clause and every word of a written instrument should,

3. when possible, have assigned to it some meaning, and a harmonious whole be made to appear, as it will not be presumed that they were inserted for a mere idle purpose. This rule has often been applied to the construction of contracts. *Irwin* v. *Kilburn* (1885), 104 Ind. 113, 3 N. E. 650; *Warrum* v. *White* (1909), 171 Ind. 574, 86 N. E. 959; *Nave* v. *Powell* (1913), 52 Ind. App. 496, 96 N. E. 395; *Kann* v. *Brooks* (1913), 54 Ind. App. 625, 101 N. E. 513. But it is equally as applicable to any other document or instrument in writing requiring a construction. Under this rule, we cannot treat said concluding clause as mere surplusage, but must endeavor to ascertain the meaning the court intended to express thereby, and give it effect.

Appellant concedes that the court, by the use of the clause in question, made a reservation to itself, but asserts that the scope of the same should

4-6. be limited by the construction indicated above.

On the other hand, appellees contend that the reservation should not be so limited, as the language used clearly indicates an intention to withhold a present approval of the surety named. A consideration of these opposing contentions has led us to conclude that, if we adopt the former, we must read into the order-book entry something that the language neither expressly states nor reasonably implies, while an acceptance of the latter only requires that we ascribe to the language used its ordinary meaning. Moreover, the court is not required to supervise the filing of an appeal bond, as that has been held to be a purely ministerial act. Section 679, *supra,* provides what the bond shall contain, and §1278 Burns 1914, §1221 R. S. 1881, cures its defects in form, substance,

recital or condition. In view of these facts, it is not reasonable to presume that the court appended the concluding clause in question merely as a means of affording it an opportunity to see that the bond was formal when it was filed. In fact, when the trial court, during the term in which a judgment is rendered, fixes the amount of the appeal bond, names and approves the surety, and designates a time in which it may be filed, its duty with reference thereto is at an end. If the party seeking the appeal files his bond in conformity with the statute and such order, he may prosecute the same as a term-time appeal; and otherwise not, as the court is without authority to enlarge or limit his rights in that regard, so long as such order stands. For the reasons stated, the record fails to show that the court approved the surety named during the term at which the motion for a new trial was overruled, which must be taken as the final judgment within the meaning of the statute governing appeals, where, as here, the entry of the judgment precedes the ruling on such motion. *Pittsburgh, etc., R. Co.* v. *Johnson* (1911), 49 Ind. App. 126, 93 N. E. 683, 95 N. E. 610; *Rohrbaugh* v. *Lease, Admr., supra.* Appellant in support of its contention cites and relies in part on the case of *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83. In that case the court cited with approval a quotation from the case of *Ashley* v. *Henderson* (1904), 32 Ind. App. 242, 69 N. E. 469, wherein an attempt was made to state the steps necessary to perfect a term-time appeal. In this statement language is used that would indicate that an appeal bond, filed after the term at which the judgment was rendered, must be approved by the court, and from

which it might be inferred that such approval would cure a failure to approve the surety during such term. In this particular, such statement was evidently not duly considered and to that extent must be disapproved, as it is firmly settled by repeated decisions of this and the Supreme Court that the bond must be filed and approved during the term at which the judgment is rendered, or the surety must be named and approved during such term, and the bond filed within the time given by the court for that purpose.

As the bond in this case was not filed and approved during the term at which judgment was rendered, and the surety named was not approved during such term, but its approval was made to depend on the future action of the court which did not occur until a subsequent term, appellant has failed to perfect a term-time appeal. No attempt has been made to perfect the same as a vacation appeal, and appellees have not joined in error. It follows that the motion to dismiss the appeal must be sustained for want of jurisdiction.

The conclusion we have reached renders it unnecessary to consider appellee's second ground for dismissing the appeal. However, it is proper to say that the objections there urged would not require a dismissal of the appeal, in view of §1 of the act of 1917 relating to civil procedure. Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918.

For the reasons stated, appellee's motion is sustained, and the appeal is dismissed.