SUNDERMAN ET AL. *v.* HALL

[No. 16,466. Filed October 17, 1939.]

*Roberts & Roberts,* for appellants.

*Bruce & Bruce,* for appellee.

STEVENSON, C. J.—The appellee herein has entered a special appearance and has filed a motion to dismiss this appeal averring in said motion that the appellants did not file their record in the Appellate Court within 90 days from the judgment appealed from, as the same is shown in the recital in the appeal bond. The appellants in reply to this contention assert that the date of the judgment as recited in the appeal bond is erroneous and state that the record shows that the judgment from which the appellants appeal was in truth and in fact entered by the court on March 20, 1939. The appellants contend that the erroneous date alleged in the appeal bond is a defect in form and accordingly not controlling.

Without passing upon this contention, it appears from the record that the court on the day the judgment was entered, to-wit, March 20, 1939, gave the defendants, appellants herein, 90 days' time in which to file their bill of exceptions "and their bond on appeal is fixed at $500.00, same to be approved by the court, and the defendants are given 30 days' time for filing their appeal bond." The record further discloses that the appellants filed their appeal bond in the office of the Clerk of the Court in vacation on April 20, 1939. This bond was approved by the judge of the court in vacation on the 20th day of April, 1939. It is apparent from this record that the appellants have failed to file their term-time appeal bond in accordance with the court's order within the time granted by the court and shown by the record. It is further apparent from this record that the court in fixing the amount of the appeal bond did not name

and approve the sureties thereon at the term at which the appeal was granted. As was said by this court in the case of *Reitzel* v. *Campbell* (1937), 103 Ind. App. 650, 658, 659, 5 N.E. (2d) 148:

". . . It is well settled that, in order for a party to perfect a term-time appeal, it is essential that the bond be approved by the court at the term at which the appeal is granted, or that the equivalent be accomplished by the court fixing the amount of the bond and naming and approving the sureties at such term, and by appellant filing the same in accordance with such order, within the time granted by the court and shown by the record."

The appellants, therefore, have not succeeded in perfecting a term-time appeal. *Tuttle et al.* v. *Fowler et al.* (1915), 183 Ind. 99, 107 N.E. 674. This record was filed in the office of the clerk of this court on the 19th day of June, 1939. No steps have been taken to perfect this appeal as a vacation appeal and more than 90 days have now elapsed since the date of the judgment. It follows, therefore, that this court is without jurisdiction in this case and the appeal must be and is now dismissed.

Appeal dismissed.