BURNS v. TRUSTEES OF HUNTERTOWN CEMETERY CHURCH ET AL., AND HOLMES ET AL. v. TRUSTEES OF HUNTERTOWN CEMETERY CHURCH ET AL.

[No. 4,421.    Filed November 19, 1903.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—*Separate Exception.*— Parties who jointly assign error can not invoke the judgment of the Appellate Court upon a ruling on a motion made by one of them separately, to which action of the court he alone excepted. *p. 641.*

SAME.— *Term-time Appeal Not Perfected.*—An appeal prayed and granted in term, but not perfected, will be treated as a vacation appeal.  *p. 642.*

SAME.— *Term-time Appeal.*—*Perfected in Vacation.*—*Parties.*—Section 647a Burns 1901, concerning appeals by part of coparties, relates by its terms to term-time appeals alone, and has no application to an appeal asked and granted in term but not perfected.  *p. 642.*

From the Superior Court of Allen County; *J. H. Aiken,* Judge.

Actions by Arthur Burns and others against the Trustees of Huntertown Cemetery Church and others, consolidated.  From judgments in favor of defendants, plaintiffs appeal.  *Appeal dismissed.*

*T. E. Ellison* and *H. G. Keegan,* for appellants.
*W. C. Geake* and *W. N. Ballou,* for appellees.

BLACK, J.—Six causes were pending in the court below to foreclose mechanics' liens against certain real estate of the Huntertown Cemetery Church, each brought by a single plaintiff.  After the filing of the complaints the causes were consolidated, and, the issues in the consolidated case having been made up and tried, the court rendered personal judgments in favor of Arthur Burns, John Masson, Frank L. Holmes, and Leonard Brockerman, in a certain sum for each separately, against W. Chester Scarlet, a subcontractor, and rendered judgment in favor of Nathaniel Glazier, Hezekiah Hillegass, and Solomon Simons, trus-

tees of Huntertown Cemetery Church, and Mathias Fitch, Ellis Dunton, James Ballou, and Nathan Glazier, building committee of the church, and Edward Wickliff and Andrew Craig, principal contractors, against Frank L. Holmes, Leonard Brockerman, John Masson, W. Chester Scarlet, and Arthur Burns, jointly, for costs.

There have been filed in this court two assignments of error. In one, Frank S. Holmes, Leonard Brockerman, Charles Ransbottom, John Masson, W. Chester Scarlet, and Arthur Burns are named as the appellants, and the church and its trustees and its building committee and the principal contractors, by their several names and designations as set forth in the judgment, with some others not named in the judgment, are named as the appellees. The six persons thus named as appellants in this assignment jointly assign that the court erred in overruling the motion of the appellant Burns for a new trial. The parties thus made appellants, and who thus jointly assign error, can not invoke the judgment of this court upon a ruling on a motion made by one of them separately, to which action of the court he alone excepted.

In the other assignment of error, Arthur Burns is named as sole appellant, and the church and the persons who were its trustees, the principal contractors, the trustees of the church as such, the members of its building committee as such, and Holmes, Brockerman, Ransbottom, Masson, and Scarlet are named as appellees, and Burns alone has assigned as error the overruling of his motion for a new trial. No appearance has been made here for any of the parties so named as appellees except by counsel representing the church, and no appearance has been made for any party except Burns as appellant. There was no error in overruling this separate motion of Burns for which he could complain in this court against the other plaintiffs, against whom and himself jointly the court rendered judg-

ment for costs in favor of the other appellees. An appeal was prayed by Burns separately, and was granted in term, but it was not perfected, and the case is to be treated as a vacation appeal.

The act of 1895 (Acts 1895, p. 179, §647a Burns 1901), concerning appeal by part of coparties, relates by its terms to term-time appeals alone, and has, therefore, no application in the case now before us. In case of an appeal by a part of several coparties in vacation there must be compliance with the provisions of §647 Burns 1901; and all the other coparties should be named as appellants, and notice to them as such of the appeal should be given, and they should not be named as appellees and notified as such. *Gregory* v. *Smith,* 139 Ind. 48; *Wood* v. *Clites,* 140 Ind. 472; *Ledbetter* v. *Winchel,* 142 Ind. 109; *Lee* v. *Mozingo,* 143 Ind. 667; *Shuman* v. *Collis,* 144 Ind. 333; *Perry* v. *Botkin,* 15 Ind. App. 83; *Walsh* v. *Brockway,* 13 Ind. App. 70.

If, for the purpose of ascertaining the character of the proposed appeal of Burns, we may properly look to his motion for a new trial, the overruling of which is assigned as error, we do not find it to have been intended to relate merely to the finding in favor of Burns against Scarlet. It purports to be made by Arthur Burns alone in a case of Frank Holmes v. Trustees of Huntertown Cemetery Church, the consolidated proceedings, no doubt, being intended; and the chief purpose of the appellant Burns appears to have been to subject the property of the church to his mechanic's lien. The court found against all the plaintiffs on this branch of their several demands, and rendered judgment against them jointly for costs. The other plaintiffs were interested in the appeal, and should have been named and notified as appellants, and not as appellees.

The appeal as to both assignments of error is dismissed at the costs of the appellant Arthur Burns.