## Holderman, Administrator, v. Wood.

[No. 5,276.   Filed January 31, 1905.]

1. Appeal and Error.—*Decedents' Estates.*—Where an action does not involve the exercise of probate jurisdiction, an appeal from a judgment therein is governed by the civil code, though an administrator be a party. p. 521.

2. Same.—*Term-time.*—To constitute a term-time appeal there is requisite (1) an appeal prayed during the term at which judgment is rendered, (2) the penalty of bond must be fixed and surety named during such term, (3) the bond must be filed during term, or time fixed by court, and the bond filed within such time, (4) the transcript must be filed in Supreme Court within 60 days from filing the bond. p. 521.

3. Same.—*Term-time.*—*Failure to Stay.*—Where an executor desires to take an appeal under the civil code he must ask for a stay of the proceedings in the court below, and in the absence of an order granting such stay, an appeal taken will be treated as a vacation appeal. p. 522.

4. Same.—*Term-time.*—*Failure to File Transcript in Time.*—Where a term-time appeal is prayed and the appellant fails to file his transcript within the time allowed by law for term-time appeals, such appeal must be treated as a vacation appeal. p. 522.

5. Same.—*Necessary Parties.*—Where two parties were claiming the proceeds of an insurance policy, and in an action to determine the rightful owner, the insurance company filed an interpleader and paid the proceeds of the policy into court, but no order for the discharge of such company was made, a vacation appeal which fails to make such company a party must be dismissed. p. 522.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by Charles W. Holderman, as administrator of the estate of Barbara A. Holderman, deceased, against the Union Central Life Insurance Company and John F. Wood. From a decree for defendant Wood on his cross-complaint, the plaintiff appeals. *Dismissed.*

*Frazer, Biggs & Frazer* and *L. R. Stookey,* for appellant. *W. & E. Leonard* and *J. D. Widaman,* for appellee.

Myers, J.—This action was begun in the court below by appellant against the Union Central Life Insurance Com-

pany and appellee to recover upon a policy of insurance issued by said company upon the life of appellant's decedent, which policy was by said decedent assigned to one Zimmerman as collateral security to secure the payment of a loan and the premiums on said policy thereafter to be paid by said Zimmerman to keep said policy in force. Said assignment was made by the written consent of said company. Said policy was thereafter, with the consent of all parties, by said Zimmerman assigned to appellee, who had possession of said policy at decedent's death. Such pleadings were had and filed in said cause that both appellant and appellee were claiming the money due on said policy and demanding judgment against said insurance company for $1,500 and interest, and all proper relief. To appellant's complaint and appellee's cross-complaint the Union Central Life Insurance Company filed interpleader asking for an order to pay the sum of $1,500 into court for the use of the party entitled thereto, and to be discharged from further liability, upon which interpleader the court made the following order: "It is ordered that said Union Central Life Insurance Company pay over said sum of $1,500 to said clerk for the use of the party lawfully entitled thereto." Upon said order $1,500 was paid to the clerk of said court. Thereafter such proceedings were had in said cause that on December 19, 1903, the following judgment was by the court rendered: "It is therefore considered and decreed by the court on the verdict of the jury herein that said cross-complainant John F. Wood have and recover of and from said defendant Union Central Life Insurance Company and said plaintiff Charles W. Holderman, administrator of the estate of Barbara A. Holderman, deceased, said sum of $1,500, besides his costs herein expended, and that said cross-complainant is entitled to the $1,500 in the hands of the clerk of this court, and said clerk is ordered to pay said sum to said John F. Wood, cross-complainant herein, to which judgment and the rendition thereof the plaintiff objects and excepts, and

prays an appeal to the Appellate Court of Indiana." On May 2, 1904, the transcript on appeal and the assignment of errors were filed in this court, also order of supersedeas issued.  June 1, 1904, the cause was submitted.

The questions now are:  (1) Shall the supersedeas order be vacated? and (2) shall the appeal be dismissed for failure to make the Union Central Life Insurance Company a party to the appeal?

1.  Sections 2609, 2610, 2612 Burns 1901, §§2454, 2455, 2457 R. S. 1881, provide the mode for appeal of actions growing out of decisions rendered in proceedings relative to matters connected with a decedent's estate, but as this action did not involve the exercise of probate jurisdiction, this appeal is governed by the civil code.  *Holland* v. *Holland* (1892), 131 Ind. 196; *Mason* v. *Roll* (1892), 130 Ind. 260; *Koons* v. *Mellett* (1890), 121 Ind. 585, 7 L. R. A. 231; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Louisville, etc., R. Co.* v. *Etzler* (1892), 4 Ind. App. 31; *Swindle* v. *State, ex rel.* (1896), 15 Ind. App. 415; *Heller* v. *Clark* (1885), 103 Ind. 591; *Merritt* v. *Straw* (1893), 6 Ind. App. 360.

2.  Having determined that this appeal is governed by the civil code, it follows that if it is a term-time appeal the motion must be overruled; otherwise, if a vacation appeal.  Judge Elliott, in his work on appellate procedure, §246, in speaking of §650 Burns 1901, states the requirements of this section as follows:  "1. An appeal must be prayed during the term at which the judgment was rendered, and it must be granted during that term.  2. The penalty of the bond must be fixed and the surety named during the term at which the judgment was rendered.  3. The bond must be filed during that term and approved by the court, or the court must, during that term, fix a time within which the bond shall be filed, and it must be filed and approved by the court within the time designated.  4. The transcript must be filed in the office of the Clerk of the

Supreme Court within sixty days after the filing of the bond."

3. Section 657 Burns 1901, §645 R. S. 1881, provides: "Executors, administrators, and guardians may have an appeal and stay of proceedings in the court below, without giving an appeal bond." In the case of *Stults* v. *Gibler* (1897), 146 Ind. 501, the court, in speaking of this latter section, said: "It is clear that unless the appeal is prayed and a stay of proceedings is obtained in the court below, as provided in §657 Burns 1894, the appeal would be a vacation and not a term-time appeal." In the case at bar it appears that the appellant prayed an appeal to this court, which was granted, but nowhere does it appear that a stay of proceedings was granted by the lower court. This is a necessary and important step in order to relieve appellant from filing bond or to give him a term-time appeal. Without this step, under the decision of *Stults* v. *Gibler, supra,* we must hold this appeal to be a vacation appeal.

4. In any event, the record not having been filed in this court within the time allowed by law for term-time appeals, for this additional reason it must be held to be an appeal after term. The law is well settled that in all vacation appeals all parties to the judgment must be made parties to the appeal, and notice served on such parties as provided by the civil code; otherwise the court will not have jurisdiction, and the appeal must be dismissed. *Gregory* v. *Smith* (1894), 139 Ind. 48; *Benbow* v. *Garrard* (1894), 139 Ind. 571; *Inman* v. *Vogel* (1895), 141 Ind. 138; *Ledbetter* v. *Winchel* (1895), 142 Ind. 109; *Anheuser-Busch Brewing Assn.* v. *George* (1895), 14 Ind. App. 1; *Cooper* v. *Peterson* (1893), 7 Ind. App. 411; *Owen* v. *Dresback* (1900), 154 Ind. 392; *Stults* v. *Gibler, supra.*

5. In the case at bar the Union Central Life Insurance Company was a party defendant, not only to the original complaint, but to the cross-complaint of appellee. The judgment, as rendered by the court below, was not only

against appellant, but against the insurance company as well, for $1,500 and costs of the action. The insurance company is therefore a joint judgment debtor, and is affected by this appeal. It is true that the insurance company filed an interpleader, and asked to be discharged. It does not appear from the record that the court ever entered any order or judgment of discharge in favor of the insurance company, but made an order to the effect that it should pay $1,500 into court, and there the order stops, leaving the company still liable for costs, and to be further pursued in case it should be found to be further liable. Therefore, in our opinion, the insurance company ought to have been made a party to this appeal, and the appellant's failure to do so goes to the jurisdiction of this court, and this appeal should be dismissed.

It would answer no good purpose for us to pass upon the motion to vacate supersedeas order.

Appeal dismissed.