## KELLOGG *v.* RIDGELY ET AL.

[No. 6,176. Filed October 18, 1907.]

1. APPEAL.—*Vacation.—Assignment of Errors.—Parties.*—In a vacation appeal, the full names of all of the parties to the judgment appealed from must be contained in the assignment of errors. p. 424.

2. SAME.—*Vacation.—Term-Time.—Failure to Perfect.*—A failure by appellant, to file his appeal bond, within the time and with the surety, as directed by the order of the trial court, constitutes the appeal taken a vacation appeal. p. 424.

3. SAME.—*Parties.—Jurisdiction.—Dismissal.*—Where all of the parties to a judgment appealed from are not before the court on appeal, such appeal will be dismissed for want of jurisdiction. p. 424.

From Tippecanoe Circuit Court; *Henry H. Vinton,* Judge.

Action by Asa T. Ridgely and another against Henry C. Kellogg and others. From a judgment for plaintiffs, defendant Kellogg appeals. *Appeal dismissed.*

*George D. Parks* and *Harry D. Snideman,* for appellant.
*Caldwell & Caldwell* and *S. P. Baird,* for appellees.

WATSON, P. J.—The appellees ask that this appeal be dismissed for the reason that it does not meet the requirements of a term-time appeal, and therefore is a vacation appeal.

The judgment below was rendered in favor of appellees and against appellant and thirty-six other parties who were codefendants with the appellant.

To give this court jurisdiction the assignment of errors must contain the full names of all the parties to the judg-

ment appealed from, unless the same is a perfected term-time appeal. Section 647 Burns 1901, Acts 1899, p. 5, providing for appeals, has no application to appeals prayed for in term-time, but not perfected as such. Ewbank's Manual, §146; Elliott, App. Proc., §§249, 322; *Burns* v. *Trustees of Huntertown, etc., Church* (1903), 31 Ind. App. 640; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Smith* v. *Fairfield* (1901), 157 Ind. 491, and cases cited.

Section 650 Burns 1901, §638 R. S. 1881, provides that, if the appellant desires the stay of all further proceedings on the judgment appealed from, he shall file a bond with penalty and surety to be approved by the court, within such time as the court may direct, and unless the bond is so filed, and surety named and approved by the lower court, the appeal is not a term-time, but a vacation appeal. Ewbank's Manual, §146; Elliott, App. Proc., §§246, 247; *Ham* v. *Greve* (1873), 41 Ind. 531, 534; *Michigan Mut. Life Ins. Co.* v. *Frankel, supra; Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274. The record discloses that, upon the overruling of the motion for a new trial, Henry C. Kellogg, one of the defendants, prayed an appeal to the Supreme Court "which was granted upon his filing an appeal bond in the sum of $100, with ——— as surety thereon, which is approved by the court, such bond to be filed within sixty days from this date."

The record does not disclose that the surety on any bond was approved by the court. Therefore appellant is deemed to have abandoned his appeal in term, and it becomes thereby a vacation appeal. Being a vacation appeal, and all the parties to and affected by the judgment not properly brought before the court, as required by the statute and by the rules of the Supreme and Appellate Courts, in appellate proceedings, this cause should be dismissed.

The appeal is therefore dismissed at appellant's cost.