## SCHULTZE ET AL. *v.* MALEY ET AL.

[No. 8,308.   Filed July 1, 1914.]

1. APPEAL.—*Perfection of Appeal.—Term Time Appeal.*—To perfect a term time appeal the sureties on the appeal bond must be named and approved by the court at the term at which judgment was rendered, and the transcript must be filed within sixty days after filing the appeal bond.   p. 590.

2. APPEAL.—*Perfection of Appeal.—Parties Appellant.*—On appeal from a judgment against numerous parties, all must be named as appellants in the assignment of errors, unless the appeal is perfected as a term time appeal.   p. 591.

3. APPEAL.—*Briefs.—Questions Reviewable.*—No question is presented for review on assignment of error in the overruling of demurrers where appellant fails to set out such demurrers and the pleadings to which they are addressed, or the substance of each, in the brief.   p. 592.

4. APPEAL.—*Review.—Findings.*—The finding of the trial court, having evidence to support it, will not be disturbed on appeal on the ground of insufficient evidence.   p. 592.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Henry Maley and another against George F. Schultze and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*James T. Walker* and *Henry B. Walker,* for appellants. *Edwin C. Henning,* for appellees.

HOTTEL, J.—This appeal was taken from a single judgment rendered in five separate suits brought in the Vanderburgh Circuit Court by Henry Maley and Charles E. Maley, partners doing business under the firm name of ''Henry

Maley Lumber Company'', each suit being based on a separate policy of insurance issued by a different insurance company. It appears from the record that these several suits were numbered in the trial court consecutively from 4044 to 4048, inclusive. The defendants named in the first case were George T. Schultze, Joseph Waltman and Allen B. Cody, doing business under the firm name of Schultze, Waltman and Company, and The Insurance Company of North America. The same defendants, except a different insurance company, were named in each of the other cases. In No. 4045, the Springfield Fire and Marine Insurance Company was made a defendant; in No. 4046 the Queen Insurance Company of America was made a defendant; in No. 4047, the Aetna Insurance Company was made a defendant; in No. 4048, the Phoenix Insurance Company of Brooklyn, New York, was made a defendant. Such insurance companies each paid into court $940.51 making a total of $4,-702.55 which was the aggregate amount due on all of said policies. In case No. 4044 appellants filed a demurrer to the complaint which was overruled. There was no answer filed tendering any issue of fact on the complaint. The appellants filed a cross-complaint in which they set out a contract of lease between them and the appellee lumber company and other facts on which they claimed and sought to recover the insurance money. To this cross-complaint the appellee lumber company filed an answer in general denial and also three affirmative paragraphs. To each of such affirmative paragraphs appellants filed a demurrer which was overruled and they then filed a general denial to each of such answers.

On the issues thus formed, there was a trial by the court of cause No. 4044, and it found for the appellee lumber company, that it recover the sum of $940.51 in the hands of the clerk of the Vanderburgh Circuit Court, and rendered judgment accordingly. After the rendition of this judgment in No. 4044, the record shows the following entry:

"Afterwards on the 18th day of October, 1911, the same being the 9th judicial day of the October term, 1911, of the Posey Circuit Court, a record entry and order was made by said court which reads in the words and figures as follows:" Here follows consecutively the title of each of the five separate causes and the respective numbers of each and the entry then proceeds: "Comes now the plaintiffs by Edwin C. Henning their attorney and come the defendants Schultze, Waltman and Cody by Walker & Walker their attorneys, and now the judgment and decree hereintofore entered against the Insurance Company of North America and these defendants is set aside, and now all of the cases above stated, to wit: five cases be and they are hereby consolidated and tried as one cause, and it is agreed in open court that the evidence taken in said cause shall apply to each of said cases, and they shall be decided as one cause; that the issues in each case are the same and that the judgment and decree which shall be entered shall be entered as one judgment which shall control and be effective as a judgment and decision in each and all of said cases. And now pursuant to the agreement, these cases come on to be heard as one cause, and the court having heard the evidence and being fully advised, finds for the plaintiffs that the allegations of the complaint are true; that there is due to said plaintiffs from said defendant insurance companies and unpaid the sum of  *  *  *  $940.51 upon each of said policies, making a total of  *  *  *  $4,702.55; that said sum is in the hands of the clerk of the Vanderburgh Circuit Court and should be paid over to the plaintiffs herein, the court further finds that the allegations of the defendants, Schultze, Waltman and Company's cross-complaint are not true and that they take nothing by their said cross-complaint and that said plaintiffs are entitled to recover from said defendants Schultze, Waltman and Company their costs and charges herein laid out and expended, and to further recover from said defendants Schultze, Waltman and Com-

pany, six per centum interest on said sum of * * * $4,702.55 from the 6th day of May, 1911. It is therefore considered and adjudged by the court that the plaintiffs recover of and from said defendants in each case the sum of * * * $940.51 aggregating a total of * * * $4,702.55 which said sum is in the hands of the clerk of the Vanderburgh Circuit Court, and said clerk is hereby authorized and directed to pay said sum to said plaintiffs, and it is further considered and adjudged that said defendants Schultze, Waltman and Company take nothing by their cross-complaint, herein, and that the plaintiffs recover from said defendants Schultze, Waltman and Company their costs and charges herein laid out and expended, to which ruling of the court and judgment the defendants, Schultze, Waltman and Cody at the time except and object.''

It will be observed that this agreement does not purport to be joined in by the respective insurance companies.

In the record, following the bill of exceptions and just preceding the precipe, we find what purports to be a stipulation under a caption like that above indicated setting out the title and number of each of the separate cases which stipulation provides as follows: ''It is hereby stipulated and agreed that the five (5) cases designated in the caption hereof are identical in every particular, except as to the names of the insurance companies made defendant, and that as the money which was due upon the policies of each of the companies has been paid into court, they were nominal parties only at the time of the hearing of these cases. That the transcript shall contain one copy of the pleadings and that all the pleadings in each case are exactly alike, except the name of the defendant insurance companies, and that the question arising in all of these cases, the same having been consolidated and tried as one case, shall be heard and determined upon appeal, and the finding and decision of the Appellate Court shall have the same effect upon all of the cases. It is further stipulated that all of the entries

made in each of the cases before the consolidation of the same were exactly alike, except the name of the defendant insurance companies, and it is agreed that the cases may be considered upon the transcript showing the pleadings in one case and the entries in one case the same as if the pleadings and entries in each case had been separately set out in full. Edwin C. Henning, attorney for plaintiffs. Walker & Walker, attorneys for defendants.''

Appellant companies attempted apparently to perfect a term time appeal, but in this they have failed for two reasons, viz., (1) because the sureties on the bond were not named or approved by the court at the term at which judgment was rendered, but were approved by the clerk of the court afterwards; and (2) because the transcript was not filed in this court until more than sixty days after the filing of such bond. *Kellogg* v. *Ridgely* (1907), 40 Ind. App. 423, 424, 81 N. E. 1158; *Clark* v. *Evansville Boat Club* (1907), 40 Ind. App. 420, 82 N. E. 112; *Penn Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791, 39 L. R. A. (N. S.) 522.

In the caption of the assignment of errors in this court there are five separate groups of appellants and appellees, each group corresponding to the respective plaintiffs and defendants in the several suits below, except that George T. Schultze, Joseph Waltman and Allen B. Cody, partners doing business under the firm name of Schultze, Waltman and Company, alone are appellants in each group and the lumber company and one of the insurance companies are made appellees in each group.

The errors assigned are (1) the overruling of appellants' demurrer to the complaint; (2) the overruling of appellants' demurrer to the second, third and fourth paragraphs of appellees' answer to the cross-complaint, and the overruling of each of the demurrers; and (3) the overruling of appellants' motion for a new trial.

To say the least this appeal is irregular. Assuming without deciding that there may be numerous groups of appellants and appellees as indicated in this assignment of errors, it is manifest that each insurance company named as appellee in each respective group of appellees should have been named as appellants because the record as above set out shows that the judgment was against them and not for them. *Holderman* v. *Wood* (1905), 34 Ind. App. 519, 73 N. E. 199; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147; *Moorhouse* v. *Kunkalman* (1912), 177 Ind. 471, 96 N. E. 690. The transcript of the record also contains omissions and irregularities which authorize, and which, but for the reasons hereinafter indicated, would cause us to dismiss the appeal.

Following the assignment of errors is a writing bearing a caption the same, or substantially the same, as that of the assignment of errors, the body of which writing is as follows: "The Insurance Company of North America, the Queen Insurance Company of America, the Aetna Insurance Company, the Phoenix Insurance Company of Brooklyn, New York, the Springfield Fire and Marine Insurance Company each hereby consents to the submission of this cause to the Appellate Court of the State of Indiana. The foregoing companies have each paid into court the amount of each policy which was involved in the litigation between the appellants George T. Schultze, Joseph Waltman and Allen B. Cody, and the appellees Henry Maley and Charles E. Maley, upon an interpleader, and now have no interest in the controversy and are willing that the matter in dispute between the other parties to the proceedings, to-wit: George T. Schultze, Joseph Waltman and Allen B. Cody, and Henry Maley and Charles E Maley, be submitted for decision by the said Appellate Court." The name of each insurance company purports to be signed by ———— "Atty." Because of such joinder in error and the agreement of the insurance companies, but with no intention of deciding or

intimating that the manner of procedure followed in this appeal has the sanction of law or the approval of the court, we have examined the merits of the appeal in so far as any questions in reference thereto are presented by appellants' brief. The brief, neither sets out the demurrer to

3.  the complaint nor its substance; nor is either of the paragraphs of answer to the cross-complaint, or the demurrer thereto set out in such brief. It follows that no question is presented by the first and second assigned errors, *supra. Cleveland, etc., R. Co.* v. *Pace* (1913), 179 Ind. 415, 100 N. E. 479; *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45; *Turner* v. *Hartman* (1912), 49 Ind. App. 224, 97 N. E. 19.

The only grounds of the motion for a new trial which, under the rules of the court, can be said to be presented by appellants' brief are those which charge that the decision is not sustained by sufficient evidence, and is contrary to law. In their brief appellants say: "The real questions in controversy were between Henry Maley Lumber Company and Schultze, Waltman and Company, the Henry Maley Lumber Company claiming the insurance belonged to them because of a contract between Schultze, Waltman and Company and them, which is set out in the pleadings * * * . By the terms of this contract it is claimed by the appellees they are entitled to this insurance, and the appellants claim they are entitled to the insurance by the terms of the same contract. This difference in the interpretation of the contract raises the real question which is to be determined upon this appeal."

With a view of determining this question we have examined the contract or lease between appellants and the appellee lumber company, the policies of insurance

4.  and the other evidence set out in the respective briefs pertinent to the question under consideration and we

are satisfied that the decision of the trial court not only has some evidence for its support, but that it is in accord with the weight of the evidence. The judgment below is therefore affirmed.

NOTE.—Reported in 105 N. E. 942. See, also, under (1) 3 Cyc. 117; (2) 2 Cyc. 985; (3) 2 Cyc. 1014; (4) 3 Cyc. 360, 348.