## KINTZ *v.* STATE OF INDIANA, EX REL. HUNTER.

[No. 10,089. Filed October 28, 1919.]

1. APPEAL.—*Term-Time.*—*Failure to Perfect.*—*Vacation Appeal.*— Where a party has attempted to perfect a term-time appeal under §679 Burns 1914, §638 R. S. 1881, but has omitted some essential requirement, he will be deemed to have abandoned his appeal in term; but, if the transcript has been filed, with an appropriate assignment of errors, the appeal becomes a vacation appeal. p. 227.

2. APPEAL.—*Vacation.*—*Requisites.*—*Notice of Appeal.*—The notice of a vacation appeal required by §681 Burns 1914, §640 R. S. 1881, must be given, unless waived, where an abandoned term-time appeal is treated as a vacation appeal. p. 228.

3. APPEAL.—*Vacation.*—*Notice of Appeal.*—*Waiver.*—The filing of a brief by appellee on the merits, or a joinder in error, waives notice of a vacation appeal. p. 228.

4. BASTARDS.—*Actions.*—*Instructions as to Opportunity.*—In a bastardy proceedings, an instruction that, in determining whether the parties had sexual intercourse, the jury might consider their opportunities for so doing, and certain facts recited, in ascertaining whether such opportunity existed, when taken in connection with an instruction that a preponderance of the evidence was all that was necessary to establish the case against defendant, *held* not to authorize a recovery on a preponderance of evidence as to opportunity, in view of other instructions stating what facts must be proved before plaintiff could recover. pp. 228, 229.

5. BASTARDS.—*Actions.*—*Instructions as to Opportunity.*—In a bastardy proceeding, it is proper to instruct the jury on the question of opportunity for sexual intercourse. p. 229.

6. BASTARDS.—*Actions.*—*Incomplete Instruction.*—*Cure by Other Instructions.*—In a bastardy proceeding, an instruction that a preponderance of the evidence was sufficient to establish the case, *held* not erroneous because failing to state that all the material allegations of the complaint must be proved by such preponderance, in view of other instructions given. pp. 229, 230.

7. BASTARDS.—*Actions.*—*Degree of Proof Required.*—Prosecutions for bastardy are civil actions, and a preponderance of the evidence is sufficient to establish the affirmative of any issue. p. 230.

8. BASTARDS.—*Actions.*—*Instructions.*—*Credibility of Relatrix.*—In a bastardy proceeding, a requested instruction that, in determining what weight should be given the testimony of the relatrix, the jury might consider the fact that by her own testimony she showed immorality and want of chastity, was properly refused, where the only immorality and want of chastity so shown was that involved in her relations with defendant about the time she claimed the child was begotten, which was about two years before trial, since, while it would have been proper for the jury to consider such want of chastity in determining the moral character of the relatrix at the time she testified, as affecting her credibility as a witness, the instruction might have improperly led the jury to believe that it was conclusive as to her character at the time of trial. p. 230.

9. WITNESSES.—*Credibility.—Relatrix in Bastardy Proceeding.— Moral Character.*—While the moral character of a relatrix in a bastardy suit may be proved as affecting her credibility as a witness, such character must relate to the time she testifies. p. 230.

10. BASTARDS.—*Actions.—Admonitory Instructions.—Discretion of Trial Court.*—In a bastardy proceeding, it was within the discretion of the trial court to refuse a requested admonitory instruction that each juror must be convinced by a preponderance of the evidence that defendant was the father of relatrix' child, and should not consent to a verdict unless so convinced. p. 231.

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by the State of Indiana, on the relation of Rosa L. Hunter, against Norbert C. Kintz. From a judgment for relator, the defendant appeals. *Affirmed.*

*Orion B. Harris,* for appellant.

*Everett A. Davison, Homer B. Aikman* and *Beas ley, Douthitt, Crawford & Beasley,* for appellee.

BATMAN, C. J.—This is an action for bastardy, in which it is charged that appellant is the father of the child of the relatrix. No answer was filed. The cause, on reaching the circuit court, was submitted to a jury for trial, resulting in a verdict and judgment against appellant. Prior to the rendition of judgment, appellant filed a motion for a new trial, which was overruled, and has assigned this action of the court as the sole error on which he relies for reversal.

Appellee calls our attention to the fact that appellant has attempted to perfect this appeal under the provisions of §679 Burns 1914, §638 R. S. 1881, but has not succeeded by reason of his failure to file the transcript in the office of the clerk of this court within sixty days after filing his

appeal bond, as therein provided. It is well settled that, where a party has attempted to perfect a term-time appeal, but has omitted some essential requirement in that regard, he will be deemed to have abandoned his appeal in term, but where the transcript has been filed, with an appropriate assignment of errors, it becomes a vacation appeal. *Burns* v. *Trustees, etc.* (1903), 31 Ind. App. 640, 68 N. E. 915; *Kellogg* v. *Ridgely* (1907), 40 Ind. App. 423, 81 N. E. 1158. In such an appeal notice must be given as required by §681 Burns 1914, §640 R. S. 1881,

2. unless the same is waived. The filing of a brief by appellee on the merits of the appeal, or a joinder in error, is a waiver of notice.

3. *Hazleton* v. *De Priest* (1896), 143 Ind. 368, 42 N. E. 751; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164. In the instant case appellee waived the service of notice in each of the ways stated, and this court thereby acquired jurisdiction of the appeal. Appellee also calls attention to certain omissions in the index to the transcript. While the index is not as complete as it might be, still the omissions suggested by appellees would not warrant our refusal to consider the merits of the appeal on that account.

While appellant has assigned a number of reasons for a new trial in his motion therefor, the only ones presented and relied on for reversal relate to

4. the action of the court in giving instructions Nos. 4 and 5, on the request of appellee, and in refusing to give instructions Nos. 10 and 15, requested by appellant. The court, by said instruction No. 4, informed the jury that, in determining whether

or not appellant and the relatrix had sexual intercourse as charged, it might consider their opportunities for so doing, and called attention to certain facts, which, if proved, they might take into consideration in determining whether such opportunity existed. Appellant contends that the question of opportunity for sexual intercourse was not within the issues, and that said instruction, when taken in connection with No. 5, set out below, had the effect of leading the jury to believe that a preponderance of the evidence on the question of whether appellant and the relatrix had opportunity for sexual intercourse would entitle appellee to recover. It has been held proper to instruct the jury on the question of opportunity for sexual intercourse in actions of this kind. *Goodwine* v. *State, ex rel.* (1892), 5 Ind. App. 63, 31 N. E. 554. There is no reasonable basis for appellant's remaining contention, in view of other instructions given on the question of what should be proved before appellee would be entitled to recover. There was no error in giving said instruction.

Instruction No. 5 reads as follows: "A prosecution for bastardy is a civil action in which a preponderance of the evidence is all that is necessary to establish the case against the defendant."

Appellant contends that this instruction is erroneous for failing to state that all the material allegations of the complaint must be established by such preponderance, and that its effect was to lead the jury to believe that a mere preponderance of the evidence, even though it was not sufficient to establish such material allegations, would entitle appellee to recover. These contentions cannot

be sustained. It has long been settled in this state that prosecutions for bastardy are civil actions, and that a preponderance of the evidence is all that is necessary to establish the affirmative of any issue connected therewith. *Walker* v. *State* (1841), 6 Blackf. 1; *Harper* v. *State, ex rel.* (1885), 101 Ind. 109; *Reynolds* v. *State, ex rel.* (1888), 115 Ind. 521, 17 N. E. 909. While the instruction might have been enlarged so as to obviate the objections urged against it, still the failure to do so did not render its giving error in view of instruction No. 1, given at the request of appellee, and instructions Nos. 2, 3, and 9, given at the request of appellant.

Appellant complains of the action of the court in refusing to give instruction No. 10, requested by him. The first part of said instruction was fully covered by instruction No. 12, given on request of appellant. The latter part of said instruction contains the following statement: "In this case the relatrix, by her own testimony, shows immorality and want of chastity, which fact you may consider in determining what weight you should give her testimony." It is well settled that, while the moral character of a relatrix in a bastardy suit may be proved, as affecting her credibility as a witness, such character must relate to the time she testifies. *Meyncke* v. *State, ex rel.* (1879), 68 Ind. 401; *Gemmill* v. *State, ex rel.* (1896), 16 Ind. App. 154, 43 N. E. 909. The only testimony of the relatrix which could be said to show her immorality and want of chastity was that relating to her sexual intercourse with appellant during the time and shortly after she claims her child

was begotten, which was almost two years prior to
the time she testified on the trial. While it would
have been proper for the jury to consider such fact,
in determining the moral character of the relatrix
at the time she testified, as affecting her credibility
as a witness, it would not be conclusive as to her
character at such time, as the jury might have under-
stood the instruction to imply, had it been given. For
this reason the court did not err in refusing to give
the instruction.

Appellant also complains of the action of the court
in refusing to give instruction No. 15, requested by
him. It reads as follows: "I have said to you
that to entitle the plaintiff to a verdict in this
case, the evidence must show by a preponder-
ance thereof that the defendant is the father of the
child. This means that the mind of each juror must
be convinced of that fact by a preponderance of the
evidence and while it is proper for the jurors to dis-
cuss the evidence, in the jury room, and try to recon-
cile the evidence, if there is any conflict, yet it would
be wrong for any juror to consent to a verdict unless
his own mind is convinced by a preponderance of the
evidence that the defendant is the father of the
child."

It will be observed that this instruction is in the
nature of an admonition to the jury with reference
to its duty in considering the evidence and arriving at
a verdict. It has been held that the giving of instruc-
tions of this character must necessarily be largely a
matter of discretion with the trial court. 38 Cyc
1762; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168
Ind. 467, 80 N. E. 415; *Pfaffenback* v. *Lake Shore,
etc., R. Co.* (1895), 142 Ind. 246, 41 N. E. 530; *Birming-*

ham Fire Ins. Co. v. Pulver (1888), 126 Ill. 329, 18 N. E. 804, 9 Am. St. 598. The cases cited by appellant do not indicate the contrary. We conclude that the court did not commit reversible error in refusing to give said instruction.

We find no reversible error in the record. Judgment affirmed.