## MARION AND BLUFFTON TRACTION COMPANY *v.* LANDIS.

[No. 10,969. Filed December 23, 1921.]

1. APPEAL.—*Review.*—*Ruling on Motion for Judgment on Interrogatories.*—*Scope of Review.*—In reviewing the action of the trial court in overruling defendant's motion for judgment upon the jury's answers to interrogatories, the court on appeal can consider only the pleadings, the verdict and the answers to interrogatories. p. 241.

2. TRIAL.—*Verdict.*—*Scope.*—A general verdict for plaintiff is a finding in his favor on all material issues. p. 241.

3. RAILROADS.—*Interurban.*—*Crossing Accidents.*—*General Verdict.*—*Jury's Answers to Interrogatories.*—In an action by a passenger in an automobile to recover for injuries sustained in a collision with defendant interurban company's car on a highway crossing wherein plaintiff relied on the doctrine of last clear chance, answers by the jury to special interrogatories that plaintiff was negligent up to the time of the accident, and that after the motorman discovered the perilous situation of plaintiff it was not possible to have stopped the car and thereby avoided hitting the automobile, *held* not in irreconcilable conflict with the general verdict for plaintiff, since the finding that the car could not be stopped in time to have avoided striking the automobile was not a finding that the motorman could not have stopped the car after striking the automobile

before injuring plaintiff; the automobile having been carried across the road and crushed against a telephone pole, at which time plaintiff sustained her injuries. p. 241.

From Adams Circuit Court; *David E. Smith,* Special Judge.

Action by Arcana Landis against the Marion and Bluffton Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Abram Simmons, Charles G. Dailey, Virgil M. Simmons* and *John J. Kelly,* for appellant.

*Milo. N. Feightner, Fred H. Bowers* and *Lee M. Bowers,* for appellee.

ENLOE, J.—The cause of action in this case arose out of the same collision as the cases of *Marion & Bluffton Traction Co.* v. *Reese* (1919), 71 Ind. App. 223, 124 N. E. 500; and *Marion, etc., Traction Co.* v. *Umphress* (1920), 73 Ind. App. 703, 127 N. E. 568.

The complaint in this case was in three paragraphs. It is alleged in the first paragraph of the complaint that the plaintiff and her husband, who was then and there driving the automobile in which they were riding, occupied the front seat in said car; that plaintiff was merely a passive guest, and that they were struck at a highway crossing by a car of defendant, and that she sustained the injuries for which she asked compensation.

The negligence charged was the failure to sound any whistle, or gong, or to give any notice of the approach of said car to said highway crossing, and in running said car at a high and dangerous rate of speed.

The negligence charged in the second paragraph of complaint was failure to observe the perilous position of plaintiff, and failure to stop said car in time to avoid injuring plaintiff.

The negligence charged in the third paragraph of complaint was, the failure to stop said car and avoid

injuring plaintiff, after the motorman had discovered her perilous position.

To this complaint the appellant answered by a general denial, and the issues thus formed were submitted to a jury, resulting in a verdict for appellee. Interrogatories were submitted to the jury, and answers thereto returned with their verdict. The appellant moved for judgment in its favor upon the said answers, which motion was overruled, as was also its motion for a new trial. It now prosecutes this appeal and has assigned as error the overruling of each of said motions.

The appellant insists that the answers given by the jury to interrogatories submitted are in irreconcilable conflict with the general verdict because these answers show, (a) That the plaintiff was negligent up to the time of the accident; (b) that after the motorman discovered the perilous situation of plaintiff it was not possible to have then stopped his car and thereby avoided hitting the automobile in which plaintiff was riding.

If we should concede that the said answers fully sustain the contention of the appellant, still the court did not err in overruling said motion. The allegation in the third paragraph of complaint clearly involved the doctrine of last clear chance. In considering the ruling on this motion we can consider only the pleadings, the verdict, and the answers to interrogatories. The general verdict is a finding in favor of the plaintiff on *all* material issues. In this case, it was a finding that the said motorman was negligent in not stopping his car in time to have avoided injuring the plaintiff. As the said interrogatories were addressed, as to this phase of the case, only to the ability of the motorman to avoid *striking the automobile* in

question, and not to his ability, in the exercise of reasonable care, to stop said car after it struck said automobile, but before the plaintiff was injured, the said answers were not in irreconcilable conflict with said verdict.

Appellant has also assigned as a cause for a new trial that the verdict is not sustained by sufficient evidence. We think otherwise.   There was evidence which tended to show that the plaintiff sustained the injuries complained of, *not* by reason of the automobile in which she was riding being *struck* by the car of the appellant, but by reason of said car having been allowed to run farther than was reasonably necessary, whereby the automobile in which plaintiff was riding *was carried across the road and crushed against a telephone pole,* and that the injuries complained of were sustained when said automobile was so crushed.

The appellant next urges error of the court severally, in the giving of certain instructions, and in the refusal to give certain requested instructions, and of the exclusion of certain offered evidence.

We have carefully examined the record as to each and all of these matters and find no error.   Judgment affirmed.