VANCLEAVE *v.* WOLF ET AL.

[No. 15,179. Filed May 18, 1934.]

*Clyde H. Jones,* for appellant.

*Barnard & Walker* and *Fenton, Steers, Beasley & Klee,* for appellees.

WOOD, C. J.—This is an attempted term time appeal. The appellees have interposed a motion to dismiss the appeal because of the alleged failure of appellant to perfect his appeal under Section 2-3204, Burns' Ind. Stat. Ann. 1933, §480, Baldwin's Ind. Stat. Ann. 1934.

September 25, 1933, being the 19th judicial day of the September term, 1933, of the Hendricks Circuit Court, the court sustained a demurrer, filed by the appellees, to an amended complaint, on which the appellant based his right of recovery. Appellant elected to stand upon the ruling on the demurrer, refused to plead further and judgment was rendered against him. The following entry then appears in the record:

> "And now the plaintiff prays an appeal to the Appellate Court of Indiana, and the court being duly advised, now grants said appeal, and bond is fixed at One Hundred Dollars, and now the plaintiff suggests the name of ————, as surety on bond, which surety the court now approves and sixty days are given to file bond."

The name of the surety was not suggested to the court during its September term, 1933.

On November 6, 1933, being the 1st judicial day of the November term of the Hendricks Circuit Court, the record shows that the following further proceedings were had, we quote the entry:

"Come now again the parties in the above entitled cause and the plaintiff in lieu of filing an appeal bond in the penal sum of One Hundred Dollars, as provided in the prior order of this court, now deposits with the clerk of this court the sum of One Hundred Dollars in cash, to be held by said clerk in lieu of filing a bond herein, and upon consideration the court now approves of said deposit of cash in lieu of such bond."

No further proceedings were had pertaining to the filing of an appeal bond for the purpose of perfecting a term time appeal.

In answer to the challenge of appellees, the appellant cites and relies upon Section 2-4712, Burns 1933, §1213, Baldwin's 1934, which reads as follows:

"Whenever any bond is required by law to be filed in civil, criminal or probate proceedings, whether in a circuit or superior court, or before a justice of the peace, or mayor or any city court of a city, a deposit of cash or a properly certified check or draft for the full amount of such bond with the officer with whom such bond is required to be filed may be accepted in lieu thereof. This act shall not be construed as mandatory on any court or officer, but as conferring a privilege, which may be exercised for the convenience of litigants."

Whether or not, for the purpose of perfecting a term time appeal, the appealing party during the term at which said appeal is taken or during the time fixed by the court, can in the first instance under the statute above quoted, deposit cash to the approval of the court, instead of filing a bond with surety approved by the court and thereby perfect a term time appeal under Section 2-2304, *supra*, it is not necessary for us to decide. That is not the question confronting us in the instant case.

The right of appeal is purely statutory, and the party seeking to avail himself of such remedy must comply with the requirements of the statute granting such right.

It has been consistently held by our courts, that in order to perfect a term time appeal, the appellant must file a bond with penalty and surety to be approved by the court at the term at which the appeal is granted, or that the equivalent be accomplished by the court fixing the amount of the bond, the time within which it must be filed, and naming and approving the surety at such term, and appellant filing the bond pursuant to and within the time granted by the court as shown by such order.

In the case of *Kellogg* v. *Ridgley* (1907), 40 Ind. App. 423, 81 N. E. 1158, this court upon motion of the appellee dismissed an attempted term time appeal. The order of the court pertaining to the filing of an appeal bond, after showing that an appeal had been prayed, read as follows: "which is granted upon his filing an appeal bond in the sum of $100 with ————— as surety thereon, which is approved by the court, such bond to be filed within sixty days from this date." This court held that the record did not disclose that the surety on any bond was approved by the court within the term at which the appeal was sought to be perfected as a term time appeal, that the appellant had abandoned his term time appeal and it thereby became a vacation appeal.

This case is decisive of the case under consideration. Here the order of the court relating to the filing of an appeal bond was almost identical with the order in the Kellogg case. The record before us does not show that the surety on any bond was named and approved by the Hendricks Circuit Court at the September, 1933, term thereof, at which time the appellant sought to perfect a term time appeal. It necessarily

follows that the appellant could not at a subsequent term of the Hendricks Circuit Court and within the time when he was ordered to file his appeal bond, make a deposit of cash in lieu of such bond, because there was no surety on any bond named and approved by the Hendricks Circuit Court at its September term, in other words there was no bond in existence in lieu of which the cash deposit could be made. "In lieu of" means in place of, instead of, Webster's New International Dictionary (1931). "In lieu of" implies the existence of something for which a substitution is being made. 4 Words & Phrases, p. 3476.

In the case of *Plotnicki* v. *Nowicki* (1920), 73 Ind. App. 383, 127 N. E. 564, where the appeal bond had been approved as required by the statute for the purpose of perfecting a term time appeal, and at a subsequent term of the trial court the appellant sought to substitute another surety, the appeal was dismissed. This court in that case said:

> "When the trial court during term approves an appeal bond and designates the time within which it may be filed, it has no authority, at a subsequent term, although it is within the time allowed for filing such bond, to permit a substitution of another surety and then approve such bond, as was done in the instant case."

The court then cited a long list of Indiana authorities in support of the rule thus announced. Also see, *Tuttle* v. *Fowler* (1914), 183 Ind. 99, 107 N. E. 674; *Schultze* v. *Maley* (1914), 56 Ind. App. 586, 105 N. E. 942; *Equitable Surety Co.* v. *Taylor* (1919), 71 Ind. App. 382, 121 N. E. 283.

The appellant's attempted term time appeal from the final judgment rendered by the trial court became a vacation appeal. No attempt having been made to perfect a vacation appeal, appellee's motion to dismiss is sustained.

Appeal dismissed.