ZONKER ET AL. *v.* ZONKER ET AL.

[No. 15,700. Filed November 18, 1936.]

*Don M. Link, Edgar W. Atkinson* and *Hugh G. Sanders,* for appellants.

*Mountz & Mountz,* for appellees.

KIME, C. J.—This was a proceeding brought under the Uniform Declaratory Judgment Act by the children and widow of John Edward Zonker, deceased, and by the appellant, Joseph R. Kirkpatrick, the son of said widow by a former marriage, to determine their rights and interest in certain property, real and personal, of which decedent died the owner. These rights depended upon a certain ante-nuptial contract entered into between said decedent and his widow hereinabove mentioned, the construction of which contract was asked in said proceeding. The cause was submitted on the joint petition of all the parties, evidence was heard and the court by its special finding of facts and conclusions of law thereon held that all of the property of which decedent died the owner was his separate property and, under the terms of the ante-nuptial contract and his will belonged to his children. The judgment rendered on the 71st judicial day of the September, 1935 term, was that all property owned by decedent at his death became the property of his children subject to the payment to the appellant, the widow of decedent, of her statutory allowance of $500.00. Appellants' separate and several motion for new trial was overruled on the same day the judgment was rendered, which was November 22, 1935, and this attempted appeal followed. Errors assigned were that the court erred (1) in overruling appellants' motion for a new trial and (2) in each of its first, second, third, and fourth conclusions of law.

After the overruling of the motion for new trial the record discloses the following:

"Said Matilda E. Zonker and Joseph R. Kirkpatrick now pray an appeal to the Appellate Court of Indiana. Said appeal is now by the court granted and the appeal bond is now fixed at $100.00 *with sureties to be approved by this court,* said bond to be filed in thirty days.

"And Be It Further Remembered that afterward, on

the 6th day of December, 1935, the same being the 5th judicial day of the December, 1935, Term of the DeKalb Circuit Court, the following further proceedings were had in said cause, by said court, to wit:

"Come now Matilda E. Zonker and Joseph R. Kirkpatrick herein and now, *within the time granted by the court to file appeal bond,* now file their appeal bond in the amount of $100.00 with Western Casualty and Surety Company as surety thereon, which bond is now by the court examined and approved, and is in these words, to wit:"

Appellees appear specially and contend that this appeal should be dismissed for the reason that the sureties not having been named or approved in the term in which the judgment was rendered and motion for new trial was overruled but having been first named and approved in another term, such appeal of necessity would be a vacation appeal but inasmuch as no notice was given as is required to perfect a vacation appeal this court has no jurisdiction. This contention is correct. See *Penn. Am. Plate Glass Co.* v. *Poling* (1912), 52 Ind. App. 492, 494, 100 N. E. 83, and cases there cited; *Coxe Bros. & Co.* v. *Foley* (1914), 58 Ind. App. 584, 107 N. E. 85; *Tuttle* v. *Fowler* (1914), 183 Ind. 99, 107 N. E. 674; *Vancleave* v. *Wolf* (1933), 98 Ind. App. 650, 190 N. E. 371.

But appellants contend that this appeal was perfected under the Probate Statute, and, therefore, this court has jurisdiction, however §6-2001, Burns 1933, being §3277, Baldwin's 1934, and Acts 1881 (Spec. Sess.) ch. 45, §228, p. 423, provides that a bond in a vacation appeal growing out of any matter connected with a decedent's estate where no money is involved, is to be in a reasonable sum "to be designated by such clerk." The record discloses that the bond in this matter was fixed and approved by the court and

consequently they did not follow the statute they are now attempting to claim the benefit of.

Appellees' motion to dismiss this appeal is sustained and the appeal is dismissed.

Wood, P. J., not participating.