### SCHLOSS BROS. INVESTMENT COMPANY *v.* GARDNER ET AL.

[No. 15,841. Filed December 16, 1936. Rehearing denied June 16, 1937. Transfer denied September 23, 1937.]

*Jackiel W. Joseph,* and *Theodore R. Dann,* for appellant.

*Howard Travis, R. F. Davidson,* and *John A. Royse,* for appellees.

WOOD, C. J.—Appellee, United States Fidelity and Guaranty Company, hereinafter referred to as the Guaranty Company has filed a motion to dismiss this appeal, based upon the premise that the proceedings had and judgment rendered pursuant thereto are of a civil nature, controlled by the code of civil procedure, and that therefore the appellant has not perfected an appeal to this court in any of the methods provided by such code or the rules of this court.

The appellant does not join issue with appellee, Guaranty Company in its contention, admits that it did not perfect an appeal under the civil code, but says in avoidance of such contention, that the appeal involves a "decision growing out of (a) matter connected with a decedent's estate" and is therefore controlled by the provisions of Secs. 6-2001 and 6-2002 Burns 1933, §§3066,

3284 Baldwin's 1934. Appellant further admits that if this is not an appeal from a "decision growing out of (a) matter connected with a decedent's estate" that it should be dismissed.

It therefore becomes necessary for us to determine the nature of the proceedings resulting in the judgment, from which this appeal is taken.

The record discloses that one James A. Diggle died testate in Marion County, Indiana, July 26, 1931. His surviving widow, Addie D. Diggle, named as executrix in his will, qualified as such July 30, 1931. June 17, 1932, she filed her election as such widow to take under the law of this state, instead of under the will of her deceased husband. On September 8, 1932, the Judge of the Marion Probate Court, on his own motion, removed said Addie D. Diggle as executrix. On September 9, 1932, Leo M. Gardner was appointed and qualified as administrator d. b. n. c. t. a. of the estate of said testator. On proceedings had in the Marion Probate Court, it was adjudged and decreed that Addie D. Diggle, as executrix had received and converted to her own use funds of the estate in the sum of $1,311.96 for the payment of which to said estate, she and the surety on her bond as executrix were liable. Appellee, Guaranty Company was surety on this bond and as such paid the administrator the sum of $1,311.96. September 10, 1934, the administrator filed his petition in the Marion Probate Court for authority to sell certain real estate of which the testator died the owner, for the purpose of obtaining funds with which to pay debts of the estate. It was alleged in the petition that said real estate was not divisible, and the administrator asked that he be authorized to sell the same in its entirety and that the interest of the surviving widow in said real estate be made to attach to the proceeds received from the sale thereof. Addie D. Diggle, who at the time had become a non resident of

the State of Indiana, was made a party defendant to this petition. Between the date of the death of James A. Diggle and the filing of this petition on September 10, 1934, the appellant and the appellee, H. P. Wasson and Company, Inc., had obtained judgments against Addie D. Diggle, and they were made parties defendant to this petition to answer and defend any liens which they might have upon her interest, as surviving widow, in said real estate or the proceeds derived from the sale thereof. Upon hearing, the prayer of this petition was granted, the real estate sold, and from the proceeds derived from said sale the surviving widow's share was $1,308.33, which sum, upon the petition of the administrator asking, that for the purpose of divesting himself of all control over the same, he did upon an order of the Marion Probate Court turn over to the clerk of said court, said sum to be held by such clerk, pending the further order of the court with respect to the disposition thereof. This petition was filed and acted upon June 20, 1935. On and after December 7, 1935, the appellant and appellees H. P. Wasson and Co. Inc., and the Guaranty Company filed their various pleadings in the Marion Probate Court, setting up what they alleged to be their respective liens and priorities in said sum of $1,308.33, and praying an order upon the clerk of the court authorizing the payment of said money to them according to their alleged superior equities of one over the other. Upon the issues tendered by these pleadings the cause was tried to the court, resulting in a judgment ordering the distribution of said fund among the three petitioners in certain amounts therein set out. It is from this judgment that the appellant prosecutes this appeal.

In support of its motion to dismiss, appellee Guaranty Company has filed a certified judgment of the Marion Probate Court, which shows that upon April 25, 1936,

the court approved the final report of the administrator d. b. n. c. t. a. that said trust was finally closed and said administrator was discharged from further liability therein.

We cannot agree with appellant's contention. While the fund around which this controversy revolves was originally derived from James A. Diggle's estate, the final disposition to be made of it could in no way involve the administration and final settlement of his estate. The fund came from the sale of the undivided interest of Addie D. Diggle in the real estate of her deceased husband as his surviving widow. It was her exclusive property segregated from the balance of the assets of said estate, to be disposed of as she might see fit, without any restrictions so far as the estate was concerned.

It follows as a necessary sequence therefore, that the litigation had between appellant and appellees contesting their respective rights to a distribution of this fund which was the exclusive property of the surviving widow, and which finally resulted in the judgment from which this appeal is prosecuted, was not litigation which involved the exercise of probate jurisdiction of the court in any manner; that it did not grow out of any matter connected with a decedent's estate. So the appeal in the instant case is governed by the code of civil procedure. *Koons* v. *Mellett* (1889), 121 Ind. 585, 23 N. E. 95; *Holderman* v. *Wood* (1904), 34 Ind. App. 519, 73 N. E. 199; *Crawfordsville etc., Co.* v. *Ramsay* (1913), 55 Ind. App. 40, 100 N. E. 1049.

The appeal is dismissed.